**The People of the State of Illinois, Defendant in Error, v. Henry Barnard and Annie Barnes Smith, Plaintiffs in Error.**

Opinion filed June 6, 1938.   Rehearing denied July 7, 1938.

HARRY J. FLANDERS, of Eldorado, and C. K. ROEDEL, of Shawneetown, for plaintiffs in error.

JAMES W. KARBER, State's Attorney, for defendant in error.

MR. JUSTICE MURPHY delivered the opinion of the court.

August 31, 1937, the State's attorney of Gallatin county filed an information in the county court of that county charging Henry Barnard and Annie Barnes Smith, defendants herein, with adultery. They were arrested the same day and entered into a recognizance for their appearance on the first Monday in September. Later the case was set for trial September 22, but September 21, the defendants appeared before the court with their attorney, signed jury waivers and entered pleas of guilty.

The judgment order which was entered on that date, shows that the court instructed each of the defendants as to their rights and admonished them as to the prob-

able consequences of their pleas. The defendants persisted in their pleas of guilty and the court sentenced Barnard to the Illinois State Farm for 90 days and Annie Barnes Smith to the county jail of Gallatin county for a like period.

The same day that the order of imprisonment was entered an order was entered staying the issuance of a *mittimus* until September 24, and on the latter date it was extended to September 27.

On September 27, defendants filed a motion to expunge from the record the judgment order entered September 21 sentencing the defendants to prison. The motion also prayed that they be granted leave to withdraw their pleas of guilty and jury waivers. The motion was overruled and defendants sued out this writ of error.

As grounds for the motion the defendants alleged that they were induced to enter their pleas of guilty by reason of certain representations of the State's attorney as to the penalty they would receive; that sentence was not pronounced by the judge in open court in presence of the defendants and that they have a defense to the charge. Affidavits of defendant Barnard and his attorney, C. K. Roedel, were filed in support of the motion.

The facts alleged in Barnard's affidavit as to the representation of the State's attorney are that the State's attorney told him that if he and his codefendant wished to enter pleas of guilty he would recommend to the court that each of them be fined $100 and costs; that the State's attorney said that he had conferred with Judge Ford with reference to his recommendation, that while the judge did not indicate to the contrary he did tell him (State's attorney) he could make the recommendation and that the State's attorney said that the judge invariably followed his recommendation on pleas of guilty. It is also stated in Barnard's affi-

davit that the State's attorney made the recommendation to the court, that the court advised the defendants as to their rights and said that he thought it was a case where there should be imprisonment at the State Farm. The record discloses that at the time the pleas of guilty were entered and recommendation of the State's attorney was made, Mr. Roedel, their attorney, was present and representing them.

From the record it appears that the defendants entered their pleas of guilty with a full understanding of the law and the probable consequences that might follow such pleas. The State's attorney made the recommendation to the court as he represented he would and the defendants were not mislead by any representation of the State's attorney. From Barnard's affidavit it appears that he knew that the recommendation of the State's attorney was not binding on the court and could be accepted or rejected as the court under the facts might deem just. It is apparent that defendants' complaint is grounded upon the fact that the court declined to follow the recommendation of the State's attorney.

The defendants having been fully advised as to their rights and the consequences of their pleas, the mere fact that they were disappointed in the court's action in declining to follow the recommendation of the State's attorney furnished no grounds for permitting withdrawal of their pleas of guilty, nor does the mere fact that they hoped or believed that pleas of guilty would result in a milder punishment than they would receive upon a trial and conviction by a jury presents grounds for permitting the withdrawal of such pleas. *People v. Wheeler,* 349 Ill. 230; *People v. Ensor,* 319 Ill. 255; *People v. Kleist,* 311 Ill. 179.

In support of defendants' contention that the court erred in not permitting them to withdraw their pleas of guilty it is urged that Barnard was influenced by

statements made by the judge at the time of the sentence and after, and that these statements influenced Barnard in the making of a settlement with his wife in a separate maintainance suit which he would not have made had he known that he was going to be committed to the State Farm. Defendants contend that the court's action in staying the *mittimus* on September 21, to the 24th and again to September 27, was in furtherance of the court's statement that if defendants would procure the recommendation of certain persons he would admit them to "parole or probation." The recommendations of the persons suggested by the court was procured by the defendants but the record shows that the sentence of imprisonment had already been imposed. The defendants could not have been influenced in the entering of their pleas of guilty by anything that the court said subsequent to the entering of the order of imprisonment. The settlement of the civil suit of Mrs. Barnard had no effect on the entering of the pleas of guilty for the inference to be gathered from Barnard's affidavit is that he withheld the consummation of the settlement until he was convinced in his own mind that the court would follow the recommendation of the State's attorney. His error of judgment as to the attitude of the court toward the State's attorney's recommendation furnishes no grounds for the withdrawal of the pleas of guilty.

The general rule is that it is within the sound discretion of the court whether the plea of the defendant may be withdrawn where with a full understanding of the nature of the charge against him he has pleaded guilty. Four exceptions to this rule have been recognized, "(1) Where it appears that a plea of guilty was entered through a misapprehension of the facts or the law; (2) where it appears that there is doubt of the defendant's guilt; (3) where it appears that the defendant has a defense worthy of consideration by a

jury; and (4) where it appears that the ends of justice will be best served by submitting the case to a jury." *People v. Throop,* 359 Ill. 354.

Nowhere in defendant Barnard's affidavit does he say that he is not guilty of the offense charged nor does he set up facts from which it would appear that he had a defense worthy of consideration by a jury. The facts presented in the affidavits do not bring the defendant's case within any of the exceptions to the general rules.

Defendant's further contention is that they were deprived of their constitutional rights to be present in the court during every step of the proceedings. It is alleged in the affidavit that the court did not pronounce sentence in their presence on September 21 and that they did not know of the entering of the judgment until September 24.

As above noted the judgment order shows that the defendants were both present on September 21 and represented by their attorney and the record shows the judgment to have been entered on that date. Such record imports verity and cannot be impeached by testimony or affidavit. *People v. Ambolo,* 343 Ill. 480; *Harris v. People,* 130 Ill. 457.

The judgment of the trial court is affirmed.

*Judgment affirmed.*