## UNITED STATES v. COLONNA.

### No. 8482.

Circuit Court of Appeals, Third Circuit.

Argued Jan. 18, 1944.

Decided April 12, 1944.

George R. Sommer, of Newark, N. J., for appellant.

Charles A. Stanziale, Asst. U. S. Atty., of Newark, N. J. (Thorn Lord, U. S. Atty.,

of Trenton, N. J., on the brief), for appellee.

Before JONES and McLAUGHLIN, Circuit Judges and KALODNER, District Judge.

KALODNER, District Judge.

The issue here is:

Was there an abuse of discretion by the trial court in denying the motion of the defendant-appellant, Colonna, for leave to withdraw his pleas of guilty?

On May 11, 1943, Colonna pleaded not guilty when arraigned before Judge Meaney of the United States District Court for the District of New Jersey on two indictments.[1] On May 19, 1943 the case was reached for trial and at that time permission was granted Colonna to change his pleas from not guilty to guilty. On May 21, 1943, when Colonna appeared for sentence before Judge Moore, a visiting judge, he asked for leave to withdraw his guilty pleas so as to plead not guilty. Judge Moore, after considering the record of the proceedings on May 19th when Colonna was granted permission to change his pleas from not guilty to guilty, refused to grant leave to withdraw the pleas of guilty and sentenced Colonna to prison.

Colonna contends that the denial of his motion to withdraw his pleas of guilty was tantamount to a denial of his constitutional right of trial by jury and was an abuse of the trial court's discretion. The statute[2] empowering the Supreme Court of the United States to prescribe rules of practice and procedure in criminal cases provides:

"* * * nothing herein contained shall be construed to give the Supreme Court the power to abridge the right of the accused to apply for withdrawal of a plea of guilty, if such application be made within ten days after entry of such plea, and before sentence is imposed."

Rule 2(4) of the Supreme Court Rules of Criminal Procedure 18 U.S.C.A. following section 688 provides as follows:

"A motion to withdraw a plea of guilty shall be made within ten (10) days after entry of such a plea and before sentence is imposed. As amended May 31, 1938."

■ The defendant concedes that neither under the statute or Rule 2 does he have an absolute right to withdraw a plea of guilty even though his motion is filed within ten days after the original plea of guilty and before the imposition of sentence. He further concedes that the granting of a motion to withdraw a plea of guilty is addressed to the sound discretion of the trial court. He vigorously contends, however, that where the defendant insists that he is innocent of the charges contained in the indictment and offers "any" explanation for his having pleaded guilty, the trial court should grant his motion to withdraw his plea of guilty, as long as such application is seasonably made under Rule 2.

■ It is well settled that a motion for leave to withdraw a plea of guilty and to substitute a plea of not guilty is addressed to the sound discretion of the trial court; and further that the exercise of such discretion is reviewable by this court. Camarota v. United States, 3 Cir., 2 F.2d 650; Ward v. United States, 6 Cir., 116 F.2d 135; United States v. Fox, 3 Cir., 130 F.2d 56.

■ The cases uniformly hold that motions to withdraw a plea of guilty should be denied where the plea of guilty was entered either by the defendant or his counsel in his presence, and if the defendant knew and understood what was being done and there was not present any circumstances of force, mistake, misapprehension, fear, inadvertence or ignorance of his rights and understanding of the consequences of the plea.

That the withdrawal of a plea of guilty is not "a matter of right" was stressed in United States v. Denniston, 2 Cir., 89 F.2d 696, 110 A.L.R. 1296. Said the court on page 698 of 89 F.2d:

"Once made, the appellant could not withdraw his plea as a matter of right * * *."

---

[1] The indictments were against the defendant-appellant, Colonna and several others. One indictment charged the defendants with unlawful transportation in interstate commerce of a stolen truck, concealment of the stolen motor truck, and lastly, conspiracy to receive and transport the stolen truck in interstate commerce. The second indictment charged the defendants with stealing merchandise from an interstate shipment, receiving and concealing the stolen goods, and lastly, conspiracy to steal.

[2] 18 U.S.C.A. Chapt. 21(a) Rules of Criminal Procedure (New) § 688.

The rule (1) as to the acceptance of a guilty plea and (2) as to a withdrawal of such plea, was succinctly stated in Kercheval v. United States, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009. Said the court, 274 U.S. at pages 223, 224, 47 S.Ct. at page 583, 71 L.Ed. 1009:

"* * * Out of just consideration for persons accused of crime, courts are careful that a plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the consequences. When one so pleads he may be held bound. United States v. Bayaud, C.C., 23 F. 721. But, on timely application, the court will vacate a plea of guilty shown to have been unfairly obtained or given through ignorance, fear or inadvertence. Such an application does not involve any question of guilt or innocence. Commonwealth v. Crapo, 212 Mass. 209, 98 N.E. 702. The court in exercise of its discretion will permit one accused to substitute a plea of not guilty and have a trial if for any reason the granting of the privilege seems fair and just. Swang v. State, 2 Cold., Tenn., 212, 88 Am.Dec. 593; State v. Maresca, 85 Conn. 509, 83 A. 635; State v. Nicholas, 46 Mont. 470, 472, 128 P. 543; State v. Stephens, 71 Mo. 535; People v. McCrory, 41 Cal. 458, 461; State v. Coston, 113 La. 717, 720, 37 So. 619; Bishop's New Criminal Procedure, § 747."

The courts have been especially careful to ascertain whether the plea of guilty was freely and understandingly made; United States v. Denniston, supra; Gleckman v. United States, 8 Cir., 16 F.2d 670. In Ward v. United States, supra [116 F.2d 136], the rule was thus stated:

"It is not error to refuse leave to withdraw the plea if the defendant fully understood his rights, the nature of the charge against him, and the consequences of such a plea. * * *"

In United States v. Fox, supra, this court cited with approval the decision in Ward v. United States. Referring to the guilty plea entered by the defendant, the court on page 59 of 130 F.2d, said:

"* * * With full knowledge of the facts and possible consequences he took, under careful legal advice, a course of action. * * *"

It is important here to note that Colonna was represented by the same counsel, William J. Hanley, throughout the proceedings, i. e. on May 11th when he was arraigned and pleaded not guilty, on May 19th when he changed his pleas to guilty, and on May 21st when he unsuccessfully sought to withdraw his pleas of guilty.

Fortunately there is available a stenographic record of the proceedings, both on May 19th and May 21st. That record discloses that when Colonna's counsel, in his presence, stated to Judge Meaney that "He pleads guilty", the following colloquy then took place:

"Judge Meaney: Are you Colonna, the defendant?

"The Defendant: Yes, sir.

"Judge Meaney: Do you understand the pleas?

"The Defendant: Yes, I do.

"Judge Meaney: The pleas of not guilty heretofore entered may be withdrawn and the plea of guilty may be accepted to indictments 1200-c and 1218-c."

The record of the proceedings on May 21st discloses that in moving to withdraw his pleas of guilty Colonna's counsel stated to the court: "I pleaded Colonna guilty" and again "I insisted on his pleading guilty, let's put it that way" while Colonna himself stated: "At the time of pleading I strenuously objected. * * * I am absolutely innocent as charged, but I pleaded guilty to the charge upon advice of counsel. * * *" While Colonna first told the court that he did not "know" the penalties for the crimes to which he pleaded and that he had only since pleading learned "* * * it entails probably a severe sentence.", he finally admitted under the interrogation of the court that he knew when he pleaded guilty that the offenses with which he was charged "* * * involved a substantial sentence if the judge saw fit to impose it * * *." It was after this interrogation of the defendant and consideration of the transcript of the proceedings before Judge Meaney when the defendant pleaded guilty, that Judge Moore denied defendant's motion to withdraw his guilty pleas.

Colonna's contention that he had "* * * at the time of pleading strenuously objected * * *" is contradicted by the record of the proceedings before Judge Meaney. He not only heard his counsel tell Judge Meaney that "He now desires to withdraw a plea of not guilty and enter a plea of guilty * * * for both indictments", but he also, in response to the questioning of the court stated that he understood the pleas. And when he heard the court state:

"The pleas of not guilty heretofore entered may be withdrawn and the pleas of guilty may be accepted to indictments 1200–c and 1218–c," Colonna was certainly cognizant of what was taking place.

It has been held that where the defendant was present and could not have misunderstood what was taking place when his counsel entered a plea of guilty while addressing the jury, the fact that the accused who had said nothing, was not asked directly whether he pleaded guilty, does not render the plea of guilty insufficient. United States v. Moe Liss, 2 Cir., 105 F.2d 144, 145. In the Liss case the defendant's attorney in summing up at the close of the case, said to the jury: "I say that the defendant Moe Liss, is guilty of the second count of the indictment." The trial judge then asked whether the defendant pleaded guilty to the second count, to which the attorney responded that he did so plead. In charging the jury the trial judge stated that Liss had pleaded guilty to the second count.

Disposing of the defendant's contention that he had not pleaded guilty to the second count, the court said in disposing of his appeal (105 F.2d at page 145):

"The appellant says that he did not plead guilty to the second count. The point urged is that he was not asked directly whether he pleaded guilty and did not himself utter any words or make any signs. But he was present and said nothing when his attorney told the jury that he was guilty on the second count and told the judge that he pleaded guilty to that count. He was also present and said nothing when the judge told the jury that he had pleaded guilty to the second count. The appellant could not have misunderstood the significance of what was taking place. * * *"

The defendant's position in the instant case is certainly not as strong as that of the defendant in the Liss case because in the instant case he was specifically asked whether he understood the pleas and answered in the affirmative.

Under the circumstances we are convinced that the defendant's contention that there was an abuse of discretion by Judge Moore is entirely without merit.

The defendant was represented by counsel through every stage of the proceedings. When first arraigned he pleaded not guilty and when his case was moved for trial he withdrew his pleas of not guilty and pleaded guilty. The record discloses that defendant understood what was being done and acquiesced therein and that the pleas of guilty were not induced or obtained by fear or misapprehension or inadvertence. Finally, the record discloses too, that Judge Moore had duly considered Colonna's protestations of innocence when he attempted to withdraw his guilty pleas. In imposing sentence Judge Moore stated that the evidence given at the trial of Guarino, named in one of the indictments as a co-principal with Colonna, convinced him that Colonna "* * * was the chief of this gang of hi-jackers and racketeers * * *."

Colonna's specious contention that he did not know that he would be subjected to a "severe" sentence is not, of course, sufficient grounds for reversing the trial court. People v. Barnard, 1938, 296 Ill.App. 156, 15 N.E.2d 915.

He is, of course, not being denied his constitutional right to a jury trial. A plea of guilty is a waiver of trial. It is in itself a conviction and is conclusive. Kercheval v. United States, supra.

Affirmed.