## UNITED STATES v. MARCUS.
### No. 10998.

United States Court of Appeals
Seventh Circuit.
May 20, 1954.

Jack Arnold Welfeld, Chicago, Ill., for appellant.

Robert Tieken, U. S. Atty., Joseph E Tobin, Asst. U. S. Atty., Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, and SWAIM and SCHNACKENBERG, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

This is an appeal from an order of the District Court denying leave to the defendant to withdraw his plea of guilty entered September 17, 1953.

On February 8, 1952, a 25-count indictment was returned against the defendant and others. The last count, to which defendant entered a plea of not guilty, which was later withdrawn and a plea of guilty entered, charged a conspiracy to purchase, sell, conceal and transport heroin.

On September 17, 1953, prior to the entry of the plea of guilty, defendant's attorney, Mr. Welfeld, in the presence of the defendant, stated that the defendant was considering the question of pleading guilty, and thereupon a long colloquy occurred between the court and counsel for the various defendants involved in the indictment and the assistant district attorneys. The court explained in a general way his attitude in receiving pleas of guilty in criminal cases, both in the District Court and in the state court, where he had theretofore presided. In the course of this discourse the court said (evidently to defendant's counsel) that he would let him "talk without limitation after a guilty plea in mitigation"; whereupon Mr. Welfeld said that he appreciated that very much and that he thought there would be a plea, so that they might as well dispose of it, adding: "I would want to make an argument in mitigation."

Later in the discussion in open court, Mr. Welfeld stated that he would want to make an argument in mitigation, whereupon the court said that "We had better go to 2 o'clock".

At 2 o'clock on that day Mr. Welfeld said that on behalf of the defendant he would like to enter a plea of guilty to count 25 in the indictment which charged conspiracy. The assistant district attorney informed the court that he intended to file an information charging that the defendant was a second or third offender. The court asked if it was the suggestion of the government attorney, as to the defendant, assuming that a plea of guilty was accepted after a proper warning, that sentence be deferred until after the information had been filed. Receiving an affirmative answer, the court said that it would put aside the offer of the plea for the moment.

The court added that "We can accept the plea and defer sentence until after you have filed the necessary information". This was immediately followed by a question by Mr. Welfeld: "Would the court care to hear statements in mitigation on behalf of the defendant, Marcus,

at this time?", to which the court replied: "Well, let us get the matter of the warning in the record, and the plea in the record properly, then we will take that up".

Thereupon the court advised defendant that he was entitled to a trial by jury to determine his guilt or innocence under count 25 and that the burden would be upon the government to prove him guilty beyond a reasonable doubt, that his lawyer would have an opportunity to cross-examine all witnesses and to speak in behalf of defendant, that if he persisted in the plea of guilty the court could sentence him to five years in the custody of the attorney general of the United States, and if the United States attorney filed an information (charging that defendant was a second or subsequent offender), the court could sentence him to a term not to exceed twenty years in the custody of the attorney general and also fine him up to $10,000. The court asked him: "* * do you still persist in your plea of guilty to this count?" The defendant stated: "I take it if I plead guilty, I will be given consideration for the fact that I helped the Government. This has been pending two years." The court replied: "I won't bargain with you" and suggested that defendant might consult with his lawyer, to which the defendant replied that he would rather get it over with, meaning "a plea of guilty". The court thereupon asked counsel: "Mr. Welfeld, in the light of my warning, do you still want to advise your client to plead guilty?", and Mr. Welfeld answered in the affirmative. The plea of guilty was thereupon entered and counts 4, 5 and 6 were dismissed as to this defendant. The court thereupon said that the government could file the information within one week.

On September 24, 1953, the matter was continued because of the illness of the defendant, until October 8, 1953, and the same thing occurred on that date when the matter was continued to October 22, 1953, at which time defendant's counsel asked leave to withdraw the plea of guilty and to enter a plea of not guilty and have a jury trial, relying on rule 32(d) of

the rules of criminal procedure, his counsel stating: "* * * my client has told me certain facts that we have discussed in detail during the consultations that I think bear upon this case. I will be glad to enlarge upon the facts if the court desires me to. *They relate to evidence in the case.*" (Emphasis supplied.) The court denied the motion.

The court thereupon called attention to the fact that the defendant evidently had quite a criminal record. The court then said: "Putting aside the criminal information you filed here, what is the penalty under this count 25?" The assistant district attorney told him that without the information the penalty was up to five years and a fine of $2,000. Mr. Welfeld then stated: "I do want to be heard in mitigation, if your Honor please." The court replied: "I will let you talk, if you can accomplish something for your client, Mr. Welfeld." The court then let the government file the criminal information, stating: "We won't impose any additional penalty by reason of it." The court immediately sentenced defendant, Jacob Marcus, to the custody of the Attorney General of the United States for a term of five years and fined him $2,000.

The defendant contends here that the court erred in denying his motion to withdraw his plea of guilty and also abused its discretion in denying that motion.

Rule 32(d), 18 U.S.C.A., reads as follows:

"A motion to withdraw a plea of guilty or of *nolo contendere* may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

The record shows affirmatively that the defendant's plea af guilty was voluntary, that he was properly advised and warned, and that he fully understood the consequences of such a plea. There is no showing that the plea was unfairly obtained or given through ignorance, fear or inadvertence.

The granting or denial of a motion to withdraw a plea of guilty is within the discretion of the trial court and is not a matter of right. Williams v. United States, 5 Cir., 192 F.2d 39, 40. It is apparent from a reading of the record that, by pleading guilty to the conspiracy count, defendant escaped prosecution on counts 4, 5 and 6, which were thereupon dismissed by the government. He was at all times represented by a competent lawyer of his own selection.

While the lengthy explanation made by the trial court as to his philosophy in treating defendants who enter pleas of guilty before him was unnecessary, any hope for favorable consideration which may have been conveyed by those remarks was effectively barred by the court's statement to the defendant when he asked about consideration, the court stating: "I won't bargain with you". It may well be that in pleading guilty defendant believed that his punishment would be less than what was actually imposed upon him. This, of course, presents no ground for the withdrawal of his plea.

It will be noted that the only ground stated in support of the motion to withdraw the plea of guilty was that the defendant told his attorney certain facts which the attorney thought bore upon the case and that these facts *related to the evidence in the case.* No motion was made by the defendant at any time, either before or after sentence was imposed, based upon any contention that he had been induced to plead guilty because of an expectation that the court would hear matters in mitigation. The only propositions relied upon for reversal in this court have to do with the denial by the court of the motion of the defendant to withdraw his plea of guilty. In view of the statement of defendant's attorney, that that motion was based upon facts evidently having to do with the merits of the case, there was no abuse of discretion and no error in denying the

motion. Defendant in this court complains that the court sentenced him without hearing him in mitigation, and that this constituted an abuse of discretion. No motion was made based upon the failure of the court to hear matters in mitigation. There is therefore no ruling asked for or preserved for review as to that matter.

Accordingly the judgment is affirmed. Affirmed.