**George Blomgren DEWEY, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 16177.**

United States Court of Appeals
Eighth Circuit.

June 29, 1959.

James J. Laughlin, Washington, D. C., for appellant.

William R. Crary, Asst. U. S. Atty., Sioux City, Iowa (F. E. Van Alstine, U. S. Atty., Sioux City, Iowa, was with him on the brief), for appellee.

Before GARDNER, Chief Judge, and WOODROUGH and MATTHES, Circuit Judges.

GARDNER, Chief Judge.

This was a proceeding brought by appellant George Blomgren Dewey against the United States to vacate and set aside a judgment of convictions under two indictments. Indictment Number 2249 contained two counts, each in effect charging appellant with transporting in interstate commerce certain securities of a value exceeding $5,000.00, knowing the same to have been obtained by fraud. Indictment Number 2250 contained four counts. Counts One and Three in effect charged appellant and one Keith J. Stinson with conspiracy to transport certain securities in interstate commerce, while Counts Two and Four charged the transportation of the fraudulently obtained securities. The value of the property described in the indictments as having been obtained by fraud exceeded the sum of $108,000.00. We shall refer to appellant as defendant.

Defendant, an ordained minister, was represented by counsel of his own choosing and on arraignment entered pleas of guilty to each of the six counts of these indictments. On these pleas of guilty the court in due course, on January 4, 1956, sentenced defendant to the custody of the Attorney General for a period of three years on each count, the sentences, however, to run concurrently.

Prior to his indictment and arraignment in the instant case defendant had been charged in the state court with the embezzlement of substantially the same property described in the indictments in the instant case. He entered pleas of guilty, was sentenced to imprisonment for a period of five years, and was serving that sentence at the time he was indicted and arraigned in the instant case. Some two years and nine months subsequent to entering pleas of guilty to the indictments in the instant case he brought the present proceeding under Section 2255, Title 28 United States Code to vacate the judgment of conviction and to permit him to withdraw his pleas of guilty on substantially the following grounds: (1) the pleas of guilty of defendant were not voluntarily made, and (2) his attorney was ineffective and failed properly to advise him so as to deprive him of his right to counsel.

At and prior to the time of his arraignment, defendant was represented by Mr. John A. Senneff, an attorney of his own choice. The same attorney had represented him in the defense of the indictments returned against him in the state court. In the second indictment returned in the instant case a Mr. Keith J. Stinson was joined as a co-conspirator, and while defendant entered pleas of guilty, Stinson, his co-conspirator, pleaded not guilty and on trial was convicted. It may be noted too that Mr. Stinson was joined as a defendant in the indictments returned in the state court where he had pleaded not guilty and on trial was convicted.

At the hearing on defendant's motion he was represented by counsel of his own choice, being the same counsel who represents him on this appeal, and he was personally present and testified in his own behalf. In disposing of the motion the court made findings meticulously embodying all the material facts bearing on the issues presented. These findings reproduce the transcript of proceedings on arraignment of the defendant. These findings read in part as follows:

"Mr. Van Alstine (United States Attorney): If the Court please, we have two cases for arraignment. I believe they are Nos. 2249 and 2250, Cedar Rapids Division. The first case is 2249, United States of America against George Blomgren Dewey. Mr. Dewey is present in Court with counsel of his own selection and employment.

"The Court: The appearance is by Mr. John A. Senneff of Mason City.

"Mr. Van Alstine: Mr. George Blomgren Dewey, is George Blomgren Dewey your correct name?

"Mr. Dewey: Yes sir.

"Mr. Van Alstine: Have you received a copy of the indictment in

case No. 2249, Cedar Rapids Division, returned against you?

"Mr. Senneff: Yes, he has.

"Mr. Dewey: Yes.

"Mr. Van Alstine: Have you had opportunity to review that document with your attorney?

"Mr. Dewey: (Nods yes).

"Mr. Van Alstine: Do you understand the nature of the charges therein stated against you?

"Mr. Dewey: I think I do.

"Mr. Van Alstine: Have you been informed of the penalties possible in case you are found guilty of the indictment charged?

"Mr. Dewey: Yes sir.

"Mr. Van Alstine: I will ask you, do you wish to have the indictment read in open court and be formally arraigned, or do you waive the reading of the indictment?

"Mr. Dewey: Waive it.

"Mr. Van Alstine: I will now ask you, Mr. Dewey, how you plead in Count I of the indictment, guilty or not guilty?

"Mr. Dewey: Guilty.

"Mr. Van Alstine: How do you plead to Count II of the indictment, guilty or not guilty?

"Mr. Dewey: Guilty.

\*   \*   \*   \*   \*   \*

"Mr. Van Alstine: The next case, if the Court please, is 2250, in which Mr. Dewey is also a defendant. You will remain here, Mr. Dewey. Mr. Keith J. Stinson is present in court with counsel of his own employment and selection.

"The Court: You may be seated. We will proceed first with Mr. Dewey.

"Mr. Van Alstine: Your correct name is George Blomgren Dewey?

"Mr. Dewey: Yes.

"Mr. Van Alstine: Have you been supplied with a copy of the indictment returned against you in No. 2250 in this court?

"Mr. Dewey: Yes sir.

"Mr. Van Alstine: Have you had opportunity to review that document with your attorney?

"Mr. Dewey: To a degree, yes.

"Mr. Van Alstine: And do you wish to have the indictment read and be formally arraigned, or do you waive the reading of the instrument?

"Mr. Dewey: Just a moment, please. (Mr. Dewey confers with Mr. Senneff.) Waive it.

"Mr. Van Alstine: You waive the reading of the indictment?

"Mr. Dewey: Yes.

"Mr. Van Alstine: I will now ask you, Mr. Dewey, how you plead to Count I of the indictment, do you plead guilty or not guilty?

"Mr. Dewey: Guilty.

"Mr. Van Alstine: I will ask you now how you plead to Count II——

"Mr. Dewey: Guilty.

"Mr. Van Alstine: ——of the indictment, do you plead guilty or not guilty?

"Mr. Dewey: Guilty.

"Mr. Van Alstine: How do you plead to Count III of the indictment, guilty or not guilty?

"Mr. Dewey: Guilty.

"Mr. Van Alstine: How do you plead to Count IV of the indictment?

"Mr. Dewey: Guilty.

"Mr. Van Alstine: ——guilty or not guilty?

"The Court: I wish to inform you, as I inform all other defendants in criminal cases, that no one has any authority to speak for the Court as to what sentence might be imposed or to give any assurance what sentence might be imposed, and if anyone did so they spoke without authority—they spoke without authority, and I would not want any plea of guilty to stand under those circumstances. May I ask you, Mr. Dewey, has anybody attempted to

assure you of what your sentence might or might not be?

"Mr. Dewey: No sir.

"The Court: You are entering a plea of guilty because that is in accord with the facts, is that correct?

"Mr. Dewey: Well—according to my best judgment on it.

"The Court: I mean, you are doing it voluntarily?

"Mr. Dewey: Oh, yes.

"The Court: All right, the matter of sentence will come up at the Federal Court House here on January 4, 1956."

As has been observed, Mr. Senneff represented defendant in the Iowa cases and it appears from the court's findings that under the Iowa law the minutes of the testimony of all witnesses appearing before the grand jury are a part of the indictment. The Iowa indictment charged defendant and one other with the embezzlement of substantially the same property described in the indictments against defendant in the Federal Court. Defendant's attorney had access to the transcript of all this testimony before he advised defendant to plead guilty in the instant case and he had knowledge of the fact that defendant's co-defendant in the Iowa case, who entered a plea of not guilty, had been convicted by the jury. It is noted that at the time of sentence defendant made commendatory reference to his attorney's remarks when called upon to make a statement before sentence was pronounced. It is also shown by the record that defendant's counsel, in his remarks at the time of sentence, earnestly urged the court to make the sentences to be entered run concurrently with the sentences entered in the Iowa case which defendant was then serving. Had Mr. Senneff been successful in his effort he would doubtless have been credited with a great forensic achievement on behalf of his client. The present proceeding, attacking the conduct of his attorney, was not brought until after the attorney's death, thus preventing Mr. Senneff from being available to give his version of what occurred. The court specifically found that Mr. Senneff was an able, experienced, and outstanding trial lawyer of unquestioned integrity and high character. In this proceeding defendant took the witness stand in his own behalf and testified in great detail both on direct and cross-examination. In the course of his testimony he admitted, among other things, that some $33,000.00 worth of the securities here involved had at one time been deposited by him in a safety deposit box in Los Angeles, California, and that the box was taken in an assumed name, for which fact he could give no explanation. In the course of his career, subsequent to securing these securities he made lavish investments in a number of motels in Florida and by deed he had secured some 120 acres of land from his victim with no evidence that any part of the funds were devoted to religious or charitable purposes. And a reading of his testimony given in support of his motion in the instant proceeding convinces that the advice of his attorney to plead guilty was not only warranted by the standards of professional ethics, if indeed not compelled. We conclude that the claim that defendant was not properly represented by counsel and that his counsel was so ineffective as to deprive him of his right to counsel finds no support in fact or in law and we think is wholly without merit. Alred v. United States, 4 Cir., 177 F.2d 193; Taylor v. United States, 9 Cir., 238 F.2d 409.

In the administration of justice the question of the guilt or innocence of the accused cannot be determined in the abstract, but is ultimately a question to be determined by a jury, and the verdict of the jury is presumably dependent upon the available testimony. In the instant case counsel was apparently cognizant of all available testimony that might be produced for or against his client, including the testimony of the woman whom defendant was charged with having defrauded. It was his judgment that on the available evidence the

defendant would be found guilty by a jury. The record convincingly shows that this was the view entertained by an outstanding trial lawyer of unquestioned reputation. Entertaining such belief, it was doubtless his duty to so advise his client, and we may take judicial notice of the fact that trial courts quite generally impose a lighter sentence on pleas of guilty than in cases where the accused pleaded not guilty but has been found guilty by a jury. In the instant case defendant, a man of intelligence, was cognizant of all the facts and of the nature of the charges contained in the indictments. No promises of any kind had been made to induce him to enter a plea of guilty. He had the advice of a competent trial lawyer of great experience, was fully advised as to all his rights, and, we think, intelligently entered his plea of guilty. Friedman v. United States, 8 Cir., 200 F.2d 690; Lipscomb v. United States, 8 Cir., 226 F.2d 812. In Friedman v. United States, supra, we said:

"In the present case the appellants had the advice of competent counsel of their own choosing. They could not have misunderstood the charges to which they entered pleas of guilty. They were in possession of the facts underlying such charges." [200 F.2d 697.]

■■ Unless defendant was entitled to have the judgment in the instant case vacated he was not entitled to withdraw his plea of guilty, and in any event an application to withdraw a plea of guilty is addressed to the judicial discretion of the trial court and an order denying such application is reviewable on appeal only for an abuse of such judicial discretion. Friedman v. United States, supra; Lipscomb v. United States, supra; United States v. Colonna, 3 Cir., 142 F.2d 210; Stidham v. United States, 8 Cir., 170 F.2d 294; Williams v. United States, 5 Cir., 192 F.2d 39; United States v. Shneer, 3 Cir., 194 F.2d 598.

Pleas of guilty were, we think, intelligently entered in this case. As said by us in Friedman v. United States, supra:

"A plea of guilty is not a mere admission or extra-judicial confession of guilt; it is itself a conviction and as conclusive as the verdict of a jury. One entering such a plea may be held bound by it. Kercheval v. United States, 274 U.S. 220, 223-224, 47 S.Ct. 582, 71 L.Ed. 1009." [200 F.2d 696.]

Defendant was accorded a fair hearing on his motion, was represented by able counsel, was himself a man of intelligence and experience, and all evidence produced in support of the motion was given meticulous judicial attention by the trial court. We are of the view that the contentions urged on this appeal are wholly without merit, and the order appealed from is therefore affirmed.