**UNITED STATES of America,**
**Plaintiff,**

v.

**Walter SUBA, Defendant.**
**Crim. No. 62–231.**

United States District Court
W. D. Pennsylvania.
March 10, 1964.

Stanley Greenfield, Asst. U. S. Atty., Pittsburgh, Pa., for plaintiff.

Michael J. Pugliese, Pittsburgh, Pa., for defendant.

MARSH, District Judge.

The defendant, Walter Suba, has filed a motion pursuant to Rule 32(d), Fed.R. Crim.P., for leave to withdraw his plea of nolo contendere entered to the indictment against him in the above action.

The granting or denial of such a motion is within the discretion of the court and is not a matter of right. Cf. United States v. Colonna, 142 F.2d 210 (3d Cir. 1944); United States v. Marcus, 213 F.2d 230 (7th Cir. 1954), cert. denied 348 U.S. 824, 75 S.Ct. 39, 99 L.Ed. 650.

A plea of nolo contendere, Rules 11, 12, Fed.R.Crim.P., is tantamount to an admission of guilt for the purposes of the case, and nothing is left but to render judgment. Lott v. United States, 367 U. S. 421, 81 S.Ct. 1563, 6 L.Ed.2d 940 (1961).

On August 30, 1962, Suba, Patsy Alexander Jr., and Nathan Volpe were indicted on a charge of conspiring together to defraud the United States in the management and operation of the United States Food Stamp Program in violation

of Title 18 U.S.C. § 371 [1] and on charges of bribing one Anthony Collins, a person acting for or on behalf of the United States in an official capacity, with the intent of influencing Collins to violate his lawful duty in violation of Title 18 U.S.C. § 201.[2]

At an arraignment held on November 13, 1962, Suba, Alexander, and Volpe entered pleas of not guilty to the charges. On January 16, 1963, Suba, represented by counsel of his own choice, withdrew his plea of not guilty and entered a plea of nolo contendere to both of the charges against him.

Subsequently, Alexander and Volpe were tried together, and after the Government had rested its case, a motion for a directed verdict of acquittal was granted as to the bribery counts against them because it was the opinion of the trial judge that under the evidence presented by the Government, they could not be found guilty of bribing Collins for the purpose of influencing him to violate a lawful duty.

The trial proceeded on the conspiracy charge, and on October 24, 1963, the jury returned a verdict of not guilty as to both defendants.

On January 21, 1964, at the time fixed for sentence, Suba filed the motion under consideration. He contends that, by virtue of the disposition of the charges against Volpe and Alexander at their trial, his plea of nolo contendere was entered improvidently, and he cannot now be convicted under the indictment pending against him.

We think the motion should be denied as to the bribery count and granted as to the conspiracy count.

Rule 32(d), Fed.R.Crim.P. reads:

"A motion to withdraw a plea of guilty or of *nolo contendere* may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

■ A motion such as this is directed to the sound discretion of the trial court and should be refused in the absence of circumstances of force, mistake, misapprehension, fear, inadvertence or ignorance. United States v. Colonna, supra; United States v. Marcus, supra.

■ Before Suba was permitted to change his plea from not guilty to nolo contendere, he was advised of the consequences of such change of plea, and was questioned extensively by this member of the court and by the United States Attorney to make certain that the change of plea was a voluntary act. His attorney stated at that time that he and his client had very thoroughly gone over the facts, and that he, the attorney, had a complete understanding of them and that he concurred in his client's change of plea.[3]

At the trial of Alexander and Volpe, it was the opinion of the trial judge that the evidence presented by the Government was not sufficient to prove the charges of bribery against them. It was a close and hotly contested issue on which reasonable men could differ. Of course, the court is not aware of the facts on which Suba, with the advice of competent counsel, based his plea of nolo contendere. Presumably his plea was en-

1. Title 18 U.S.C. § 371 provides:
  "If two or more persons conspire * * * to defraud the United States * * * in any manner or for any purpose * * *, each shall be fined not more than $10,000 or imprisoned not more than five years, or both."

2. Title 18 U.S.C. § 201, as of August 3, 1962, provided:
  "Whoever promises, offers, or gives any money or thing of value * * * to any

* * * person acting for or on behalf of the United States * * * in any official function * * * to induce him to do or omit to do any act in violation of his lawful duty * * *, shall be fined not more than three times the amount of such money or value of such thing or imprisoned not more than three years, or both."

3. Transcript, Change of Plea, January 16, 1963, pp. 3, 6.

tered on facts known to Suba and his counsel which constituted the crime of bribery. Suba has not alleged or argued that the basis of his plea was a mistake of fact or of law. See United States v. Nigro, 262 F.2d 783, 786 (3d Cir. 1959); United States v. Fox, 130 F.2d 56, 59 (3d Cir. 1942), cert. denied 317 U.S. 666, 63 S.Ct. 74, 87 L.Ed. 535. He does allege that the bribery count cannot in fact or law be sustained, and that his plea was "improvident" but he shows only that, in the opinion of the trial judge, the Government failed to carry its burden of proof at the trial of Alexander and Volpe.

The trial judge's opinion in the Alexander and Volpe trial cannot be interpreted to mean that the accusation of bribery against Suba could not in fact or law be sustained. At that trial the Government may have been in possession of evidence against Suba which it did not need to introduce, or there may have been conclusive evidence of bribery which was not then available or inadvertently was not presented, or the trial judge may have misinterpreted the effect of the evidence which had been presented.

Suba had a right to stand trial and have the Government prove the charges against him. He voluntarily chose not to do so. Moreover, by entering a plea of nolo contendere he avoided being tried with Alexander and Volpe; instead, at that trial he appeared as a witness for the defense after the court had dismissed the bribery counts.[4] In the court's opinion he cannot now be permitted to take advantage of the trial judge's interpretation of the evidence or any alleged failure on the part of the Government to prove bribery in the trial of Alexander and Volpe.

The argument that Suba's plea was improvident has no force. To this court he appeared to be an intelligent and mature individual. When he entered his plea of nolo contendere, he did so voluntarily; he stated that he knew the consequences thereof; he was properly advised and warned. "With full knowledge of the facts and possible consequences he took, under careful legal advice, a course of action." United States v. Fox, supra 130 F.2d at p. 59. "There is no showing that the plea was unfairly obtained or given through ignorance, fear or inadvertence." United States v. Marcus, supra 213 F.2d at p. 232.

Circumstances other than failure of proof in the earlier trial of Alexander and Volpe must be shown before such a motion should properly prevail. See: United States v. Nigro, supra, 262 F.2d at p. 787; United States v. Marcus, supra, 213 F.2d at p. 232; United States v. Colonna, supra, 142 F.2d at p. 211.

■ Regarding the conspiracy count, the indictment did not name as co-conspirators persons unknown. Cf. United States v. Gordon, 242 F.2d 122 (3d Cir. 1957), cert. denied 354 U.S. 921, 77 S.Ct. 1378, 1 L.Ed.2d 1436. Nor did the verdict of not guilty rendered by the jury in the earlier trial of Alexander and Volpe leave more than one defendant whose case was undisposed of. Cf. United States v. Koritan, 182 F.Supp. 143 (E.D.Pa.1960), aff'd per curiam 3 Cir., 283 F.2d 516.

To the contrary, only Suba, Alexander, and Volpe were named as co-conspirators in the indictment, and after the verdict in the earlier trial only Suba's case remained open. Thus, if leave to withdraw his plea to the conspiracy count were refused, he would stand "in the situation of having been found to conspire by himself, a manifest impossibility by the definition of conspiracy." United States v. Fox, supra 130 F.2d at p. 58. See also, 15 C.J.S. Conspiracy § 94c, p. 1164; Note, Criminal Conspiracy, 72 Harv.L. Rev. 920, 972-973.

An appropriate order will be entered.

---

4. In the affidavit of defendant's counsel, it is stated that "during the said trial, the said Walter Suba testified as a government witness in the government's case", which statement is in error. See certificate of Court Reporter.