Per Curiam.

Defendant, through his lawyer, having twice made explicit plea arrangements with the court, has hardly established undue pressure upon him to plead guilty. After the first arrangement he was permitted to withdraw the plea of guilty because, after reviewing the presentence report, the court was unable to impose the sentence promised to defendant. On the second arrangement, defendant obtained a promise for even a lesser sentence than that promised the first time, evidencing no undue weakness or bargaining power on his side. This promise was performed, and it is from this performed promise that defendant appeals on the ground that the Judge made the promise which was performed.
It is debatable whether a judge who receives a guilty plea to a lesser offense should participate directly in the preceding plea arrangements, except in unusual circumstances; but a departure from the best practice does not necessarily raise a question of deprivation of due process (see American Bar Association Proj *604 ect on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty [approved Feb. 1968], § 3.3 and proposed amendment [March, 1968] to § 3.3 [b]; see, also, United States ex rel. Rosa v. Follette, 395 F. 2d 721, 725; but see United States ex rel. Elksnis v. Gilligan, 256 F. Supp. 244, 252-255).
In any event, in this case there is insufficient showing that defendant suffered undue pressure to plead guilty and waive his right to go to trial, given the inescapable fact that the criminal system and atmosphere is necessarily “coercive” (see, generally, Note, Judicial Plea Bargaining, 19 Stanford L. Rev. 1082, 1085-1086). It is only when undue pressure is brought to bear on a defendant that undoing of the act coerced may be required (Brady v. United States, 397 U. S. 742, 752-754; Parker v. North Carolina, 397 U. S. 790, 794; see, also, opn. per Brennan, J. [dissenting in the Parker case, supra, and concurring in the Brady case, supra], 397 U. S. 799, 800-803; cf. McMann v. Richardson, 397 U. S. 759).
Accordingly, the judgment of conviction should be affirmed.
Chief Judge Fuld and Judges Scileppi, Bergan, Breitel, Jasen and Gibson concur in Per Curiam opinion; Judge Burke taking no part.
Judgment affirmed.