COMMONWEALTH *vs.* WILLIAM H. CRAPO.

Suffolk.    March 11, 1912. — May 27, 1912.

Present: RUGG, C. J., BRALEY, SHELDON, & DeCOURCY, JJ.

*Practice, Criminal,* Appeal, Motion to withdraw plea of guilty.

An appeal to the Superior Court by a defendant in a criminal case who pleaded guilty in the court below does not entitle such defendant to a trial unless he is permitted by the appellate court to withdraw his plea of guilty.

Upon a motion of the defendant in a criminal case for leave to withdraw a plea of guilty the judge may refuse to receive as evidence an affidavit of the defendant if he declines to testify or to offer other evidence in support of his motion.

COMPLAINT in the Municipal Court of the City of Boston charging the defendant with assault and battery with sulphuric acid upon two persons named, at Boston on June 4, 1911.

In the municipal court the defendant pleaded guilty and on June 7, 1911, was sentenced to pay a fine of $100. The defendant appealed to the Superior Court. The appeal was entered on July 3, 1911, and on the same day the defendant filed a motion for leave to withdraw his plea of guilty and to enter a plea of not guilty. The motion was accompanied by affidavits of the defendant and of his counsel. On July 10, 1911, the defendant filed a claim for a trial by jury. On October 30, 1911, the defendant's motion for leave to withdraw his plea of guilty was denied by *Sanderson,* J., who filed a memorandum of his decision as follows: "The defendant, in response to a statement of the court that the court was ready to hear testimony in support of his motion, if he had any to offer, stated that he would not call any witness, but that he would rely entirely upon the affidavit annexed to the motion. This motion is denied."

The defendant appealed from the order denying the motion.

*W. O. Childs,* for the defendant.

*A. C. Webber,* for the Commonwealth.

BRALEY, J. By his plea of guilty when first arraigned in the municipal court the defendant admitted the substantive allegations of the complaint, and while his appeal to the Superior Court after conviction vacated the judgment, it did not change the issue, which had been joined, or entitled him to a jury trial, and on the record nothing remained to be done except to impose sentence. *Commonwealth* v. *Mahoney,* 115 Mass. 151. *Commonwealth* v. *Ingersoll,* 145 Mass. 381, 382.

The appellate court, however, upon the defendant's application, which seems to have been made seasonably, could permit him to withdraw the plea below, and plead anew, if satisfied that his admission of guilt was not voluntary and intentional, but resulted from inadvertence. *Commonwealth* v. *Winton,* 108 Mass. 485. It was incumbent on the defendant, if required, to offer evidence to support the request; but at the hearing, and in response to a statement by the presiding judge that the court would hear testimony if he had any to offer, the defendant stated that he would rely entirely upon the affidavit annexed to the motion. The memorandum and order denying the motion are equivocal. It is not certain whether the denial rested on the ground that the affidavit could not be received as evidence, or whether its recitals were rejected because the judge did not believe them to be true. But while the affidavit is sufficient in form and substance, yet, if treated as testimony, the credibility of the affiant and the truth or falsity of the statements were questions of fact upon which the decision of the judge is final. *American Malting Co.* v. *Souther Brewing Co.* 194 Mass. 89. *Deane* v. *American Glue Co.* 200 Mass. 459, 464.

The objection to evidence resting only on *ex parte* affidavits, when application is made to the court for permission to withdraw an incriminating plea, is that the means of knowledge, or the truth of the intermediate facts on which the general conclusions are founded, cannot be ascertained. The affiant, especially if he is an interested party, can mould the evidentiary statements in conformity with the exigencies of the case. At the hearing the defendant's guilt or innocence was not in issue, and he could have testified as a witness in his own behalf without being compelled

to give evidence which could be used against him at the trial of the complaint. R. L. c. 175, § 20. By his resorting to a statement in writing, even if made under oath, the court was not required to receive in evidence the affidavit, and whichever way was taken no error of law appears. *Walsh* v. *Rogers,* 13 How. 283. *Baldwin* v. *Flagg,* 14 Vroom, 495. Wigmore on Ev. §§ 1384, 1708. See also R. L. c. 175, § 45.

*Order affirmed.*