[Crim. No. 2552. Second Appellate District, Division One.—July 21, 1934.]

THE PEOPLE, Respondent, v. ANGELA SCIUNZI, Appellant.

Gladys Towles Root for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

CONREY, P. J.—According to information filed, appellant with two others was charged with several acts of burglary and one other offense. Upon her plea of guilty under one of the burglary counts she was sentenced to imprisonment in the state prison. After the judgment had become final, appellant by motion applied to the court for an order

to set aside the judgment, and to permit her to withdraw her plea of guilty and plead not guilty. The present appeal is from the court's order denying that motion.

It is contended by appellant that her plea of guilty was obtained under circumstances amounting to extrinsic fraud. The evidence on this point is in the form of affidavits. From these affidavits it appears that appellant made her plea of guilty upon the advice of her attorney, who informed her that it was his opinion that if the case were brought to trial under a plea of not guilty she probably would be convicted on several counts. The only additional fact of any significance is that said attorney in his affidavit stated that before the plea of guilty was entered he discussed the case with the deputy district attorney in charge of the case, and that said deputy, Mr. McIsaac, said that if the defendant would plead guilty to one count of burglary in the second degree, that it was his opinion that the judge would not send the defendant to the penitentiary. The attorney in his affidavit said that he informed appellant of this conversation and advised her to plead guilty to one count, with the hope of getting nothing more than a county jail sentence. But Mr. McIsaac in his affidavit denied the above-mentioned statement attributed to him. We must assume that the court found the fact to be in accord with the affidavit of the deputy district attorney.

We therefore have a case where a defendant in pleading guilty to a charge of felony acted solely upon advice of her counsel representing her in the case, and in reliance upon the stated opinion of such counsel that under a plea of guilty she would not be sent to the penitentiary. This falls far short of being a fraudulently obtained plea. It is not at all parallel to the situation disclosed in *People* v. *Schwarz*, 201 Cal. 309 [257 Pac. 71], relied upon by appellant here. In fact we think that this is a frivolous appeal.

The order is affirmed.

Houser, J., and York, J., concurred.