## UNITED STATES v. SHNEER.

### No. 10476.

United States Court of Appeals
Third Circuit.

Argued Oct. 16, 1951.

Decided Feb. 29, 1952.

Lester J. Schaffer, Philadelphia, Pa. (Gray, Anderson, Schaffer & Rome, Philadelphia, Pa., on the brief), for appellant.

James P. McCormick, Asst. U. S. Atty., Philadelphia, Pa. (Gerald A. Gleeson, U. S. Atty., Philadelphia, Pa., on the brief), for appellee.

Before GOODRICH and KALODNER, Circuit Judges, and KIRKPATRICK, District Judge.

KALODNER, Circuit Judge.

The issue on this appeal is whether the defendant was entitled to withdraw his plea of nolo contendere as a matter of right in the circumstances, after sentence was imposed.

Three indictments were found against the defendant; only one is here involved. This indictment charged the defendant with violation of 18 U.S.C. Section 80 (1946,

ed.)*, in that he caused his co-defendant, one Shipton, to make false and fraudulent statements in a "Veteran's Application for Surplus Property for Business or Occupational Use". The offense was alleged to have been committed on or about December 6, 1946, and the indictment was filed on December 21, 1950.[1] On February 21, 1951, the defendant was arraigned and entered the plea of not guilty, having previously entered the same plea on the other two indictments. Motions to dismiss the indictments for failure to give necessary information for a proper defense were filed on February 9, 1951. It appears that the Assistant United States Attorney agreed to give defendant's then counsel the additional information he desired. On March 5, 1951, counsel for defendant stated in open court that the information had been furnished, and therefore withdrew the motions to dismiss stating that he believed that if the motions were granted new indictments could be returned. On the same day, the plea of not guilty as to each of the three indictments was withdrawn, and a plea of nolo contendere entered. On March 19, 1951, the defendant was sentenced to pay fines on two indictments, and on the indictment here involved was sentenced to pay a fine and to undergo imprisonment. On March 24, 1951, acting through the same counsel, defendant presented to the sentencing judge a petition for modification of the jail sentence alone on the ground of the ill health of his mother. The request was denied, after hearing, on April 5, 1951.

On April 13, 1951, the defendant, having engaged new counsel, presented a motion to set aside the judgment of conviction upon the indictment here involved, and to permit him to withdraw his plea of nolo contendere. The motion was accompanied by affidavits of the defendant, his brother-in-law, and former counsel. The motion was predicated upon manifest injustice. The substance of the motion was that the Assistant United States Attorney had assured defendant's counsel that if the plea of not guilty were withdrawn, defendant would be sentenced to pay a fine and would not be sentenced to imprisonment, and that the Assistant would recommend to the court that the defendant be sentenced only to pay a fine. The motion further recites that the indictment was defective for improper joinder, and that prosecution was barred by the statute of limitations; this was advice given to the defendant at the time of the making of the motion. Finally, it states that if the assurances of the Assistant had not been given, defendant would have persisted in denying his guilt. Counter-affidavits were filed by the Assistant United States Attorney, another member of the United States Attorney's staff, and a Special Agent of the Federal Bureau of Investigation. A hearing was held by the District Judge who imposed the sentence, and the testimony of the defendant's former counsel, the defendant's brother-in-law, Briskin, the Assistant United States Attorney, and others, was received, and argument was had. Thereafter, the motion was denied. This appeal followed.

 The motion was grounded upon Rule 32(d) of the Rules of Criminal Procedure, 18 U.S.C. This Rule provides: "Withdrawal of Plea of Guilty. A motion to withdraw a plea of guilty or of nolo contendere may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea."

Certain of the issues of law which arise are well-settled. We have reviewed them in United States v. Colonna, 3 Cir., 1944, 142 F.2d 210. A motion such as this is presented for the sound exercise of the discretion of the District Judge, and is reviewed on appeal to determine whether

* 1948 Code Revision, §§ 287, 1001.

1. Whether the indictment was barred by the statute of limitations is apparently an open issue. Compare United States v. Gottfried, 2 Cir., 1948, 165 F.2d 360, certiorari denied 333 U.S. 860, 68 S.Ct. 738, 92 L.Ed. 1139; Marzani v. United States, 1948, 83 U.S.App.D.C. 78, 168 F.2d 133, affirmed by divided court, 335 U.S. 895, 69 S.Ct. 299, 93 L.Ed. 431; Id., 336 U.S. 922, 69 S.Ct. 513, 93 L.Ed. 1075. See also United States v. Dailey, 72 S.Ct. 260.

that discretion has been abused. The principle has been recognized without exception. Similarly, the classic instances held to warrant withdrawal of a plea of guilty involve force, ignorance, fear, fraud, and inadvertence or mistake. Finally, the burden of persuasion rests upon the defendant who seeks to withdraw his plea. Stidham v. United States, 8 Cir., 1948, 170 F.2d 294; Bergen v. United States, 8 Cir., 1944, 145 F.2d 181. Most often, the facts adduced lead the tribunal to the conclusion that the defendant, at the time of entering his plea confidently expected leniency, but without deviation it has been held that this conclusion presented no basis for withdrawal of the guilty plea, even though the defendant was surprised by the severity of the sentence. Williams v. United States, 5 Cir., 1951, 192 F.2d 39; Stidham v. United States, supra; United States v. Norstrand Corp., 2 Cir., 1948, 168 F.2d 481; United States v. Colonna, supra. So also where there is an expectation that no imprisonment will be imposed. United States v. Denniston, 2 Cir., 1937, 89 F.2d 696, 110 A.L.R. 1296, certiorari denied 301 U.S. 709, 57 S.Ct. 943, 81 L.Ed. 1362.

Having in mind these principles, we turn to an examination of the record in this case.

On the issue whether the Assistant gave a promise or guarantee to the defendant's counsel, we agree with the District Judge that the latter's testimony differs from his affidavit in substance, and that the testimony falls short of the mark. The attorney testified that he did not consider any statement made to him by the Assistant as a promise or guarantee, that he recognized the Assistant could not commit the Court, and that after the sentence, he did not consider himself over-reached. Moreover, the District Judge, within his province, did not credit the testimony of Briskin, that the Assistant repeated the assurance to him just prior to the change of plea; in this respect we think his conclusion unassailable.

The defendant, however, states that he is not concerned with what transpired between the Assistant and his former counsel. His position is that he was misled when he changed his plea to nolo contendere. He says it is uncontradicted that his attorney told him he would not be imprisoned, and therefore, whether his attorney was misled or merely misunderstood the Assistant is irrelevant.

We agree with the defendant that the critical issue now is whether he changed his plea in reasonable reliance upon misrepresented information, limiting the issue to the fact that the misrepresentation, however innocent, was made by the defendant's counsel, an officer of the Court. Cf. People v. Walker, 1911, 250 Ill. 427, 95 N.E. 475. The District Judge, at the time of the hearing also recognized the point stating that if he found that the defendant was misled, he would allow the withdrawal of the plea and the entry of a plea of not guilty.

■ Our examination of the record does not bear out the defendant's contention with the clarity necessary to warrant a holding that the District Judge abused his discretion.

Defendant's former counsel and the Assistant agree that following the arraignment of February 21, 1951, they met so that the Assistant could furnish counsel with additional information which the latter considered necessary for proper preparation of a defense. It is an unsettled issue whether at this meeting they also discussed the fact that no one in a similar case had been imprisoned in the District on a plea of guilty. The defendant's former counsel testified that this discussion occurred on a prior date. The Assistant placed it at the meeting of February 21, and in this he was supported by the testimony of another member of the United States Attorney's legal staff. The Assistant further testified that this portion of the discussion was prefaced by counsel's request for his opinion as to what the sentence would be if the defendant changed his plea.

At the hearing in the District Court, defendant's former counsel testified that on February 22, 1951, the day following the arraignment, he met with the defendant and Briskin. He said he told them of his conversation with the Assistant, and suggested to the defendant that he thought.

the practical thing to do under the circumstances would be to withdraw the plea of not guilty and enter a plea of nolo contendere. The former counsel also testified that he told the defendant that the information he received from the Assistant was that the defendant would not go to jail.

The former counsel did not testify in further detail as to what he told the defendant, except that he advised him a plea of nolo contendere would be regarded by the court as though it were a plea of guilty. Furthermore, the implication on the record is that counsel did not tell the defendant of the conversation with the Assistant as to the sentencing experience in the District. Briskin did testify that on February 22, when defendant was advised to change his plea, counsel stated that no one *had* gone to jail. It is indicated, also, that defendant took several days to consider the advice.

It would appear, therefore, that we are not concerned with a bald, conclusive misrepresentation. The suggestion on the record, and indeed of common sense, is that there was a much fuller discussion of the problem of changing the plea than was disclosed to the Court. We are not blind to the fact that in the situation presented, which is common enough, color of expression and atmosphere of communication are of primary importance. Statements taken out of context wholly distort the true picture and the real understanding. Textual changes and most of all, omissions, like the predetermined stroke of the artist's brush, effectively filter the light so that the product appears other than what it is, and hope of leniency or confident expectation becomes misrepresentation. Nor is it availing alone that defendant's counsel advised him that the practical thing to do was to change his plea. Cf. People v. Sciunzi, 1934, 140 Cal.App. 70, 34 P.2d 1044.

We cannot say that on this record the District Judge was required to hold that the defendant changed his plea solely upon misrepresented information.

In testing the exercise of discretion of the District Judge, we must look to the totality of factors which called his judgment into play, for only upon the total showing can we determine whether the defendant sustained his burden of persuasion on the issue of manifest injustice. At the time of the change of plea on March 5, defendant's counsel withdrew his motion to dismiss, and stated that if he had first concluded that the indictments were valid, the plea of nolo contendere would have been offered in the first instance. Moreover, defendant agreed to testify at the trial of one or two others, whose plea was changed for that reason. At the time sentence was imposed on March 19th, the defendant or his counsel did not apprize the Court of the circumstances now asserted. When the defendant, on March 24, presented to the sentencing Judge a petition to modify his sentence on the one indictment, he based it on peculiarly personal facts—his mother's illness. It was not until almost a month after sentence was imposed that the instant motion was made, again on the single indictment.[2] The District Judge was entitled to take into consideration the failure of the testimony to support the motion and affidavits in material respects; certainly it weighed in the balance on the burden of proof. Finally, it is nowhere asserted that the defendant acted without knowledge of the nature of the charges, or even the penalty which could be imposed; and he knew the effect of the plea he was entering.

We hold that the Order of the District Judge denying the motion was well within his legal discretion. Indeed, we should add that if the matter were before us de novo, on this record we would reach a like result. Not only did the defendant fail to establish that the Assistant gave false assurance, but also the disclosure of his own discussions with his attorney was

---

2. If the defendant's assertion that he was misled into his plea were sustained, the plea to the other indictments fit in the same category, since they were entered at the same time under the same facts. It is noteworthy that defendant raised no issue as to those indictments and does not choose to stand trial as to them.

unsatisfactory. The picture presented, in our opinion, left much room for reasonable doubt, at the very least.

As a Court charged with the administration of justice, we are obliged to note particularly that the matter of pleading to criminal charges has always commanded close scrutiny. We should be unwilling to permit an evidentiary rule to overshadow the policy which demands utmost circumspection, and where the record suggests it, as this one does, we would not foreclose the opportunity to correct the deficiency. Here, in view of the opinion of the learned District Judge, we cannot be certain whether it was lack of credence or lack of adequate proof of misrepresentation, which led to the conclusion reached.

The case is hardly one for the indulgence of sensibilities. The true picture ought not to be over-clouded with guarded statements by the witnesses to avoid embarrassment. If cancer exists, the defendant is obliged to expose it, or he must suffer from his election.

We must remark, also, upon the failure of the defendant to testify. His affidavit states that he was imprisoned. But an affidavit is an unsatisfactory half-measure where oral testimony is adduced. At least one difficulty is that the affiant can mold his evidentiary statement to conform to the exigencies of the case. See Commonwealth v. Crapo, 1912, 212 Mass. 209, 210, 98 N.E. 702. A fresh example results from a comparison of the affidavits and the testimony in this case. There is no question of constitutional privilege. Commonwealth v. Crapo, supra. Therefore, in a controverted case such as this, where the defendant's understanding is in issue, there is every reason to expect the defendant to appear, unless he fears to undergo oral examination; if an order is necessary to accomplish a desire to appear, it should be applied for; and if applied for, should be granted.

We conclude, accordingly, that the Order of the District Court should be affirmed. Because of the state of the record, however, the affirmance will be without prejudice to such further proceeding as the defendant may wish to take in the Court below, on the issue of the advice upon which he changed his plea.

The Order of the District Court will be affirmed.