**UNITED STATES of America**

v.

**George Eugene MILLER.**

**Civ. A. No. 38383.**

United States District Court
E. D. Pennsylvania.

July 7, 1965.

Drew J. T. O'Keefe, U. S. Atty., for plaintiff.

George Eugene Miller, pro se.

---

WOOD, District Judge.

The Relator has filed a Motion under § 2255 to vacate his convictions for the interstate transportation of two stolen automobiles. He is presently confined in the United States Penitentiary at McNeil Island, Steilacoom, Washington, under a sentence of five years on each conviction to run consecutively.[1]

In his Motion, Mr. Miller asserts that Criminal Rule 11 was not complied with by the Court when his pleas of guilty were accepted at arraignment. He further contends that such pleas were not voluntary because they were not made with the understanding of the nature of the charges and range of punishments for the offenses involved.

The second ground presented is that the record conclusively shows non-compliance with the requirements of Rule 20 governing the procedure for the transfer of a defendant to a district other than that in which the indictment or information was pending against him.

We find no merit in either claim for the following reasons: At the time of his arraignment on December 3, 1963, the Relator was represented by the Voluntary Defender. Before entering his plea he requested "a little time to talk to the lawyer." Specifically, the record reflects the following colloquy:

"DEFENDANT: I mean can I have about five minutes with him, Your Honor?"

"THE COURT: Oh, yes, sure."

"DEFENDANT: That is all I wanted. I didn't get a chance to talk with him, Your Honor."

"THE COURT: All right. Call the next case.[2] You can talk to him now."

Subsequently, the Relator was returned to plead and he entered a plea of guilty to each charge. The Court then ordered a pre-sentence investigation and

---

1. We specifically imposed sentence under the provisions of § 4208(a) (2) which permits the Parole Board to determine the appropriate release date of the prisoner.

2. There were 30 cases scheduled for arraignment on December 3, 1963. The Relator's indictments were listed as cases nos. 2 and 3 on the list.

requested the Voluntary Defender to investigate the outstanding State charges pending against the Relator. Thereupon, the Voluntary Defender made a detailed statement to the Court regarding these charges, and the arraignment was concluded.

■ In his affidavit attached to the Motion the Relator states that he entered pleas of guilty under the erroneous belief that he could be sentenced to no more than three years imprisonment. A plea of guilty does not cease to be voluntary merely because a defendant was unaware of the fact that he was subject to a more severe penalty than he expected. United States v. Shneer, 194 F.2d 598, 600 (3 Cir. 1952); United States v. McClellan, 194 F.Supp. 128, 130 (W.D.Pa.1960) aff'd. 289 F.2d 319 (3 Cir. 1961).

He further complains that he only spoke to his appointed counsel for five minutes before entering his guilty pleas. The Court recalls of its own knowledge that the Relator had considerably more time than he now claims. He seizes upon *his own request* in the record for five minutes, to support this allegation. However, the Record, Motion and Affidavit are devoid of any resulting prejudice to the Relator in this regard. At no time did he or his counsel request additional time from the Court.

■ Failure of the Court to inquire as to the volitional nature of the plea does not automatically render it involuntary. The totality of all the surrounding circumstances must be considered in determining the voluntary nature of such a plea. Adkins v. United States, 298 F.2d 842 (8 Cir. 1962). We conclude that since the only complaint of the Relator is the unexpected severity of the penalty imposed, it is immaterial that the Court failed to make an inquiry at the time he entered his guilty pleas. Long v. United States, 290 F.2d 606 (9 Cir. 1961); United States v. Shneer, supra.

■ The remaining ground is totally without merit. The record shows that the requirements of Rule 20 have been fully met. The Relator's signed consent under Rule 20 waiving trial in California in order to plead guilty in this District is contained in the file of Criminal No. 21540. This consent recites *that the defendant (Relator) received and read a copy of the Indictment pending against him and that he understood the charge stated therein,* and he was further advised of his constitutional rights. The consent is also signed by William F. Stevens, counsel for the defendant, and the United States Attorneys for the Districts of Southern California and Eastern Pennsylvania.

■ The motion and records in this case conclusively show that the Relator is not entitled to relief, and therefore, no hearing is required. Hornbrook v. United States, 216 F.2d 112 (5 Cir. 1954).