**Frank R. DEL PIANO, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 15432.

United States Court of Appeals Third Circuit.

Submitted on Briefs Jan. 31, 1966.

Decided May 17, 1966.

**932**

Frank Del Piano, pro se.

Drew J. T. O'Keefe, U. S. Atty., Joseph P. Briag, Asst. U. S. Atty., Philadelphia, Pa., for appellee.

Before STALEY, SMITH and FREEDMAN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

This matter came before the court below on the appellant's motion under § 2255 of Title 28 U.S.C.A., to vacate and set aside his conviction and sentence. The court concluded that the "MOTION, ANSWER AND ATTACHED EXHIBITS along with the records and files of this case conclusively show that the [appellant] is not entitled to relief," and denied the motion without hearing. It is urged on this appeal that the denial of a hearing was error.

The appellant, represented by court appointed counsel, was convicted on his plea of guilty to an indictment charging him with the armed robbery of a bank, in violation of § 2113(a), (d) of Title 18 U.S.C.A., and conspiracy to commit the said offense, in violation of § 371 of the same title. He was sentenced to a total term of imprisonment of twenty-five years to run consecutively with a term of imprisonment he was then serving in a state penitentiary.

The motion, supported by the appellant's affidavit, alleges that the plea of guilty was induced by a promise, made by agents of the Federal Bureau of Investigation, that upon such a plea the appellant would be sentenced to a term of imprisonment of ten years to run concurrently with the sentence he was then serving. The answer of the United States Attorney, supported by the counter-affidavits of the agents, denies this allegation. This answer put in issue the factual allegation made in the motion.

The court below found as a fact "that no promises were made to the [appellant] by the Federal Bureau of Investigation." It clearly appears from the court's opinion that this finding was not predicated on the "motion and the files and records of the case" but solely on the counter-affidavits of the agents and the report of an interview with the appellant while he was incarcerated. We have examined the record of the criminal proceeding, including the transcript of the arraignment and sentence, and we find nothing therein on which the critical issue of fact could have been properly decided. We are of the opinion that under these circumstances the denial of a hearing was error.

■ Where, as in the instant case, a motion for relief under § 2255, raises an issue of fact which cannot be conclusively determined from "the motion and the files and records of the case," the movant is entitled to a judicial hearing at which he and his witnesses may be heard. United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232 (1952); Machibroda v. United States, 368 U.S. 487, 489–496, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962). The factual issue may not be determined solely on the counter-affidavits submitted by the Government and in total disregard of the movant's affidavit. Ibid. No matter how improbable or unbelievable the verified allegation of the motion may seem, the movant cannot be denied a hearing.

The order of the court below will be reversed and the proceeding will be remanded with directions that a hearing be held.