UNITED STATES of America,

v.

Frank Richard DEL PIANO and Charles Harrison Allen.

Frank Richard Del Piano, Appellant.

Frank R. DEL PIANO, Appellant,

v.

UNITED STATES of America.

Nos. 16153, 16154.

United States Court of Appeals Third Circuit.

Argued Feb. 14, 1967.

Decided Nov. 24, 1967.

Rehearing Denied Jan. 4, 1968.

Morris S. Finkel, Manchel, Lundy & Lessin, Philadelphia, Pa., for appellant.

Robert St. Leger Goggin, Asst. U. S. Atty., Philadelphia, Pa. (Drew J. T. O'Keefe, U. S. Atty., Philadelphia, Pa., on the brief), for appellee.

Before SMITH and SEITZ, Circuit Judges, and JOSEPH S. LORD, III, District Judge.

OPINION OF THE COURT

PER CURIAM.

This case considers appeals from orders of the District Court denying motions to vacate sentence under 28 U.S.C.A. § 2255 and to set aside judgment of conviction and withdraw plea of guilty pursuant to Fed.Rules Cr.Proc. 32(d).

Appellant was indicted for the armed robbery of a bank in violation of 18 U.S. C.A. § 2113(a) and (d). On December 16, 1963, he was brought before the District Court for arraignment, and after

assignment of and consultation with counsel pleaded guilty to all counts of the indictment. The record reveals that the District Judge did not comply with Fed. Rules Cr. Proc. 11 which required the Court before accepting the guilty plea to determine "that the plea is made voluntarily with understanding of the nature of the charges."[1] At this time the Rules of Criminal Procedure were silent as to how the determination of understanding and voluntariness should be made.[2] The cases however imposed a clear obligation on the court to conduct a thorough investigation before accepting the plea. See, e.g., Domenica v. United States, 292 F.2d 483, 485–486 (1st Cir. 1961) and United States v. Lester, 247 F.2d 496, 499–500 (2nd Cir. 1957). The record here discloses the total absence of any investigation.

On May 26, 1965, appellant, pro se, filed a motion pursuant to 28 U.S.C.A. § 2255 alleging that his guilty plea was induced by promises made by agents of the Federal Bureau of Investigation that he would receive a maximum sentence of ten years. The denial of this motion, without hearing, was reversed by this Court and remanded for a hearing. Del Piano v. United States, 362 F.2d 931 (3rd Cir. 1966). The appeals in the instant case arise from proceedings held subsequent to this remand order.

Appellant contends here that he is entitled to withdraw his guilty plea and have his conviction set aside because he did not understand the charges against him and because of the promises allegedly made by agents of the Federal Bureau of Investigation. If these contentions are sustained petitioner is entitled to relief. Machibroda v. United States, 368 U.S. 487, 493, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962); Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 71 L.Ed. 1009 (1927). Independently, it is urged that he is entitled to relief solely because of the trial judge's failure to comply with Rule 11. This latter argument was raised in support of a motion under Rule 32(d) made by appellant's present attorney who was assigned after the remand of the section 2255 motion by this Court. Counsel has made no effort to distinguish between grounds urged in support of the section 2255 motion and those in support of the Rule 32 (d) motion. Because of the manner in which we dispose of the case it is not necessary to consider whether relief is properly sought under both provisions.

■ The District Court rejected appellant's allegations that promises as to his sentence had been made and that he was not aware of the nature of the charges or the possible consequences of pleading guilty. The Court also rejected the contention that a violation of Rule 11 automatically required the granting of the relief sought. As to the factual determinations by the District Court we have carefully studied the record and have found that they are amply supported. They are not clearly erroneous and may not, therefore, be set aside. There remains for our consideration the consequences, if any, which should flow from the non-compliance with Rule 11.

■ The courts are divided as to the consequences which should flow from non-compliance. Most have held that this does not per se require a vacation of sentence and plea. The inquiry is whether the plea was in fact voluntary. Such was the view adopted by the District Court in United States v. Miller, 243 F.Supp. 61 (E.D.Pa.1965), and aff'd by this Court in a per curiam opinion, 356 F.2d 515 (3rd Cir. 1966). Appellant's

---

1. The following is the transcript of what occurred at the time appellant's plea was taken:
   "The Clerk: You and each of you are charged herein under Indictment No. 21591, five counts each, for conspiracy to rob and for bank robbery. How say you to each of these counts?

   "Defendant Del Piano: Guilty.
   "Defendant Allen: Guilty.
   "The Clerk: Guilty as to each defendant."

2. An amendment to Rule 11, effective July 1, 1966, requires the trial judge to personally address the defendant before making the required determination.

counsel urges us to adopt the view that failure to comply with the rule as then formulated automatically required the District Court here to strike the plea. The answer is that this panel is not free to overrule the legal approach approved by this Court in United States v. Miller, above. We do emphasize, however, the importance of compliance with the rule to avoid the "after the fact" proceedings with all of its infirmities.

The judgment of the District Court will be affirmed.

WILLIAM F. SMITH, Circuit Judge, did not participate in the decision of this case because of illness.