**UNITED STATES of America ex rel. John R. WAKELEY**

v.

**H. E. RUSSELL.**

**Misc. No. 69-284.**

United States District Court,
E. D. Pennsylvania.

June 9, 1970.

Louis M. Natali, Jr., Philadelphia, Pa., for plaintiff.

David Richman, Asst. Dist. Atty., Philadelphia, Pa., for defendant.

### MEMORANDUM AND ORDER

JOHN W. LORD, Jr., Chief Judge.

On February 25, 1970, this Court granted relator's petition for a writ of habeas corpus, 309 F.Supp. 68. That petition sought relief from a 1963 conviction for second degree murder arising from the stabbing death of Mrs. Lillian Hines during an altercation on November 1, 1960. After pleading guilty to this offense, relator was sentenced to a term of 10 to 20 years. His minimum sentence expires on November 3, 1970.

Relator asserted two grounds on which he sought a writ of habeas cor-

pus. He claimed first that the confession given by him to the police was involuntary and that this involuntary confession induced relator's guilty plea. Secondly, he claimed that even if his confession were voluntary, his guilty plea was involuntary, because it resulted from coercion on the part of his counsel.

The Court ruled that the confession given by relator was indeed involuntary and that it did induce relator's guilty plea. The Court therefore ruled on the basis of case authority in the Third Circuit that relator was entitled to a writ of habeas corpus. United States ex rel. Collins v. Maroney, 382 F.2d 547 (3rd Cir. 1967); United States ex rel. McCloud v. Rundle, 402 F.2d 853 (3rd Cir. 1968). Consequently the Court did not reach the second issue raised by relator. The Court stayed execution of the writ for 90 days in case the Commonwealth desired to appeal or to retry relator. The Commonwealth did not appeal.

On May 4, 1970, however, the Supreme Court of the United States, in the case of McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763, ruled, contrary to the above cited Third Circuit cases, that a relator who alleges and proves that his confession was involuntary and that it motivated his guilty plea, and no more, is not entitled to a writ of habeas corpus. The Court ruled that in order to justify the grant of a writ of habeas corpus, a relator must show, in addition, that he was not competently advised by counsel as to the methods by which he might challenge his confession or the forum in which he should first present his federal claim as to the validity of the confession. Id. 397 U.S. at pp. 768–777, 90 S.Ct. at pp. 1447–1452. The Court reasoned that if a defendant were aware that he could challenge the validity of his confession in state courts and that federal claims as to the validity of the confession ought to be presented first to the state court, and yet nevertheless elected to plead guilty, such an election would be an attempt to avoid presenting his claims to the state court in the first instance. Id. 397 U.S. at p. 771, 90 S.Ct. at p. 1449. The Court stated that a defendant should not be able to bypass the opportunity to have the federal claim heard in the state court, take the benefits of a guilty plea, if any, and then pursue his claim that the confession was involuntary in collateral proceedings.

On May 20, 1970, after the period for appeal had expired, but six days before the expiration of the 90 day stay of the writ of habeas corpus, the Commonwealth moved for reconsideration of the Court's decision on the basis of McMann v. Richardson, supra. On May 28, two days after the expiration of the 90 day stay but before relator was actually released, due to an administrative error, the Commonwealth also filed a motion to stay further the execution of the writ of habeas corpus.

Initially, the Court has some doubt as to its jurisdiction to consider the Commonwealth's motion for reconsideration. This motion was not filed prior to the expiration of the time provided by the Federal Rules for a Motion for New Trial or for an appeal, and it would not seem that the mere fact that the Court stayed execution of the writ for a period longer than those periods in case the Commonwealth desired to retry relator should extend the time for filing such a motion.

In any event, the Court does not believe that on the facts of the instant case the Commonwealth's motion for reconsideration is meritorious. For in the instant case relator's trial counsel was unaware at the time of relator's conviction of any possible procedure for challenging relator's confession in the state courts (N.T. p. 123) and none of the attorneys who represented relator at the various stages of his case told him that he could challenge the confession (N.T. p. 63). Relator's guilty plea could therefore not possibly reflect, "* * * a refusal to present his federal claims to the state court in the first instance * * *." McMann v. Richardson, supra 397 U.S. at p. 768, 90 S.Ct. at p. 1447. Relator cannot be said to have been competently

advised by counsel as to the possible methods of challenging his confession and as to the proper forum in which he must first present his federal claim as to the voluntariness of his confession. He would therefore be entitled to a writ of habeas corpus under the standards laid down in McMann v. Richardson, *supra*.

For the reasons stated above, the Commonwealth's motion for reconsideration must be denied. In light of that conclusion, there is of course no reason to extend the stay of execution of the writ of habeas corpus.

And it is so ordered.