**Frank R. DEL PIANO, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 18500.

United States Court of Appeals,
Third Circuit.

Submitted June 5, 1970.

Decided June 17, 1970.

Frank R. Del Piano, pro se.

Louis C. Bechtle, U. S. Atty., J. Clayton Undercofler, Asst. U. S. Atty., Philadelphia, Pa., for appellee.

Before FREEDMAN, VAN DUSEN and ADAMS, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

This is an appeal from a denial by the district court of a motion under 28 U.S.C. § 2255 to vacate a judgment of sentence.

On December 16, 1963, petitioner pleaded guilty to charges of conspiracy and bank robbery (18 U.S.C. §§ 371, 2113) and was sentenced to 25 years imprisonment. On March 18, 1965, he filed

his first motion under § 2255 to vacate the judgment of sentence, claiming that his guilty plea had been coerced. He asserted that he did not understand the charges or the plea, that the trial court in accepting his plea had not complied with Rule 11 of the Federal Rules of Criminal Procedure, that the FBI had made many unkept promises, and that he did not have adequate time to confer with his counsel before entering the plea. The district court denied the motion without a hearing. We reversed and remanded for a hearing to determine the factual claims. Del Piano v. United States, 362 F.2d 931 (3 Cir. 1966). On remand the district court, after a hearing, decided that the plea was voluntary and again denied the motion on the merits. We affirmed per curiam in United States v. Del Piano, 386 F.2d 436 (3 Cir. 1967), cert. denied 392 U.S. 936, 88 S.Ct. 2306, 20 L.Ed.2d 1395 (1968).

On October 21, 1969, petitioner filed a second motion under § 2255 to vacate the judgment of sentence. This motion again challenged the voluntariness of the guilty plea entered on December 16, 1963. On November 10, 1969, the district court denied the second motion and later denied a motion to reconsider its order.

 The second motion to vacate the judgment of sentence was properly denied as successive. Petitioner challenged the validity of his guilty plea on the same legal basis asserted in his first motion— the involuntariness of the plea. He has now merely asserted new facts to support his claim of involuntariness. Furthermore, these "new" facts, from their very nature, were known to petitioner when he filed his first motion and he has offered no explanation for not including them at that time. His motion therefore was properly denied on the basis of the facts evident on the record. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1608, 10 L.Ed.2d 148 (1963).

The claim that the guilty plea is invalid under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), because of an inadequate inquiry by the trial judge, is unfounded. The rule of *Boykin* is not retroactively applicable, United States ex rel. Hughes v. Rundle, 419 F.2d 116 (3 Cir. 1969), and in any case, it applies to pleas entered in the state courts. The rule in the federal courts is laid down in McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), which was held not retroactive in Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969).

The order of the district court will be affirmed.