**1234**

John A. WATTS, Petitioner,

v.

UNITED STATES of America,
Respondent.

Civ. No. 69–121.

United States District Court,
M. D. Pennsylvania.

Sept. 14, 1970.

W. Roger Fetter, Lewisburg, Pa., for petitioner.

S. John Cottone, U. S. Atty., Harry A. Nagle, Asst. U. S. Atty., Lewisburg, Pa., for respondent.

## MEMORANDUM

HERMAN, District Judge.

The petitioner, John A. Watts, pled guilty on June 4, 1956 in this District to three counts charging violations of 18 U.S.C. §§ 2113(a) and 2113(d), or armed bank robbery, and was sentenced to the custody of the Attorney General for a period of eighteen (18) years. Petitioner was granted a parole on March 28, 1966, and while on parole was subsequently charged and convicted of the crime of armed robbery in the State of Maryland. A parole violator's warrant was issued by the United States Board of Parole on January 12, 1967 and filed as a detainer against petitioner with the Maryland State penal authorities, to be effective upon expiration of the twenty (20) year sentence he is now serving.

This matter is before the court on a motion by Watts, in forma pauperis, to "Vacate Sentence and Set Judgment Aside and Withdraw Plea of Guilty," and the court construes the motion as one made pursuant to 28 U.S.C. § 2255.

Two prior motions were filed subsequent to the filing of the parole violator's warrant, seeking relief from the aforementioned federal conviction in the form of a "Writ of Habeas Corpus," Civil No. 10027, and a motion to acquire a transcript of trial, Criminal No. 12799. The two motions were denied in 1967 on the basis that petitioner was not currently in custody under the sentence from which he sought relief.

Petitioner has filed this petition under the authority enunciated in Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968), and the court granted leave to prosecute the matter in forma pauperis without prepayment of fees and costs. The United States Attorney was directed to answer the petition herein, and the court, upon consideration of the petition and answer, ordered that an evidentiary hearing be held at which hearing the petitioner was represented by experienced, court-appointed counsel.

Petitioner alleges that his plea of guilty was involuntarily induced by (1) coercive police tactics; (2) a coerced written confession obtained without adequate warnings as to petitioner's constitutional rights; (3) being held incommunicado for a period of six (6) hours without being brought before a United States Commissioner, during which time the confession was involuntarily induced without petitioner having been apprised of his rights by the State Police or by the United States Commissioner; (4) being forced to recover for the arresting officers, without adequate warnings as to his constitutional rights, the clothing worn on the day of the robbery; and (5) being held incommunicado for an additional five (5) days.

The petitioner additionally claims that he was denied the effective assistance of counsel by his former employer and retained counsel because (1) his retained counsel, hired by his former employer, was limited in fee to the extent of a guilty plea; (2) his retained counsel had a conflict of interest in that he represented petitioner's former employer on an annual retainer basis; (3) his retained counsel was not competent to handle a criminal trial; and (4) petitioner's former employer's religious beliefs compelled, and limited petitioner's retained counsel and the petitioner to a plea of guilty.

Furthermore, petitioner alleges that prejudicial error was committed during the course of the guilty plea proceedings

wherein (1) the trial judge did not make an inquiry into the voluntariness of the plea; (2) the trial judge failed to read a copy of the indictment which the petitioner never received; (3) the trial judge permitted prejudicial error in giving undue consideration to the usage of the gun, and based the sentence on non-existent hypotheticals; (4) that his retained counsel failed to object on petitioner's behalf or failed to permit petitioner to object to the introduction of the coerced confession into the testimony; (5) the introduction into the record of petitioner's juvenile offenses was permitted; and (6) petitioner was refused permission to object to the introduction of a faulty prior offense.

A hearing was held on March 16, 1970, at which time it was revealed to the court that the notes of testimony or the transcript of the earlier guilty plea proceedings was unavailable; arising from an inexplicable loss or misplacement by a former Court Reporter. Additionally, petitioner's privately retained counsel no longer maintained his file on the case.[1]

After hearing the testimony and considering the passage of time from the date of the original guilty plea, the court granted the request of the United States Attorney to continue the hearing for purposes of possible additional testimony, and granted to the petitioner as a matter of course a similar right.

Having received no additional requests for further testimony and being satisfied, as acknowledged by the petitioner, that he has had full opportunity to present his testimony in support of his allegations, the court considers the record to be closed for the purpose of a determination.

Prior to a discussion of the facts and the conclusions of law in the within matter, the court is confronted with the initial determination as to the proper allocation of the burden of proof.

The major thrust of petitioner's claim is that, arising from the coerced confession, his lack of awareness of his right to court-appointed counsel, and the ineffective and restricted assistance of his retained counsel, a plea of guilty was involuntarily induced and that the trial judge failed to determine that the plea was voluntarily entered with an understanding of the nature of the charge.

In McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969) the Supreme Court held pursuant to its supervisory powers over the lower federal courts, that a defendant is entitled to plead anew if the district court fails to fully adhere to the procedure provided for in Rule 11 of the Federal Rules of Criminal Procedure, as amended in 1966.[2]

The McCarthy decision was limited to a prospective application in Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969) in which the Supreme Court declined to retroactively require a plea de novo wherein strict compliance with Rule 11 is assailed. Nevertheless, the Court, in Halliday, acknowledged that "a defendant whose plea has been accepted without full compliance with Rule 11 may still resort to appropriate post-conviction remedies to attack his plea's voluntariness." (at 833, 89 S.Ct. at 1499)

---

1. It also appears that the Commissioner's Docket and the Miscellaneous Criminal Docket were unavailable.

2. Rule 11: "A defendant may plead not guilty, guilty or, with the consent of the court, nolo contendere. The court may refuse to accept a plea of guilty, and shall not accept [the] *such* plea *or a plea of nolo contendere* without first *addressing the defendant personally and* determining that the plea is made voluntarily with understanding of the nature of the charge *and the consequences of the plea.* If a defendant refuses to plead or if the court refuses to accept a plea of guilty or if a defendant corporation fails to appear, the court shall enter a plea of not guilty. *The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea.*" (Emphasis added to show the 1966 amendments to Rule 11.)

■ As affirmed in the Halliday decision, *supra,* the burden of proof on a motion to vacate sentence pursuant to § 2255 on grounds that the guilty plea was not knowingly or understandingly made is initially on the petitioner. See Halliday v. United States, 262 F.Supp. 325 (D.Mass. 1967), vacated on other grounds, 380 F.2d 270 (1st Cir. 1967), on remand, 274 F.Supp. 737 (D.Mass. 1967), aff'd, 394 F.2d 149 (1st Cir. 1968). But, where it is shown or found that the trial court failed to comply with the requirements enunciated in Rule 11, the burden of proof then shifts to the government on the question of whether or not a knowing, voluntary, and understanding plea had been entered. Durant v. United States, 410 F.2d 689 (1st Cir. 1969); United States ex rel. McCloud v. Rundle, 402 F.2d 853 (3d Cir. 1968) (dictum); Lane v. United States, 373 F.2d 570 (5th Cir. 1967); Rimanich v. United States, 357 F.2d 537 (5th Cir. 1966); Munich v. United States, 337 F.2d 356 (9th Cir. 1964); 1 Wright, Federal Practice and Procedure § 172 p. 366 (1969); 2 Orfield, Criminal Procedure Under the Federal Rules § 11:49 p. 119 (1966).[3]

Recently the Supreme Court has held that an otherwise valid quilty plea entered by a defendant represented by counsel may not be collaterally attacked in a habeas corpus proceeding on the sole basis that the plea was a product of a *prior coerced confession,* and that, without more, a defendant is not entitled to a hearing on his petition for habeas corpus. McMann v. Richardson, 397 U. S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). In McMann the Supreme Court recognized the presumptive validity of a guilty plea entered by a counseled defendant, United States ex rel. Grays v. Rundle, 428 F.2d 1401 (3d Cir. 1970),

and imposed upon the defendant the burden of showing something more than an alleged coerced confession in order to vacate an otherwise valid plea through a collateral proceeding. The Court suggested that for a defendant who senses his confession is involuntary and that the confession is crucial to the government's case, a plea of guilty on that basis is an untenable alternative and a highly irrational act. In a like manner the Court further found that merely upon a retrospective examination of the circumstances of the confession a finding that the confession is involuntary would not necessarily render an attorney's advice to enter a plea on the basis of the confession and other evidence so faulty as to conclude that counsel was incompetent or ineffective. Therefore, the Supreme Court held that a counseled defendant without more is not entitled to a habeas corpus hearing on an otherwise valid guilty plea wherein he alleges that it was induced by a coerced confession which his counsel at the time of the plea had anticipated a sufficient probability of being admissible.

The issue, therefore, is to what extent the McMann decision affects the burden of proof question before the court entitling petitioner to the relief sought.

■ The court finds that although the principles of the McMann decision are applicable in part to the secondary issues confronting the court herein, McMann is distinguishable initially in that the court is confronted with a petition which, along with the other secondary allegations, not only collaterally attacks the guilty plea on the basis of a coerced confession, but the judicial determination of voluntariness, pursuant to Rule 11, and the sentencing, pursuant to Rule 32, of the Federal Rules of Criminal Procedure; in conjunction with

3. Subsequent to the McCarthy decision, *supra,* the Supreme Court has acknowledged that the minimum standards of determining whether or not a guilty plea has been voluntarily made are a requisite in determining whether or not there has been an effective waiver of federal constitutional rights and thus governed by federal standards. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The Third Circuit has declined to retroactively apply the Boykin decision. United States ex rel. Hughes v. Rundle, 419 F.2d 116 (3d Cir. 1969).

an attack on the effectiveness of petitioner's retained counsel. The court finds that although the absence of the transcript of the prior proceedings does not automatically require an invalidation of the judgment entered on a plea of guilty, 2 Orfield, Criminal Procedure Under the Federal Rules § 11:48, p. 119 (1966), by reason of the absence, without more, the petitioner's initial burden of showing noncompliance with Rule 11 has been satisfied, Lane v. United States, *supra*; Rimanich v. United States, *supra*, and the burden of proof has shifted to the government on the question of whether the plea was entered voluntarily with an understanding of the nature of the charges.

Petitioner has set forth twenty (20) allegations in his petition, pursuant to 28 U.S.C. § 2255, culminating in the allegations that the court failed to comply with Rule 11 of the Federal Rules of Criminal Procedure and that the court and petitioner's retained counsel failed to permit, or refused, the defendant the opportunity to speak on his own behalf, in violation of Rule 32.

After a full hearing on the merits of the petition, together with consideration given to the prior petitions collaterally attacking the judgment and sentence, the court makes the following

### FINDINGS OF FACT

1. On April 12, 1956, between 9:00 a.m. and 9:30 a.m., a holdup took place at the Williamsport National Bank, Williamsport, Lycoming County, Pennsylvania.

2. On April 12, 1956, soon after the aforesaid holdup and after hearing a radio broadcast generally describing the features of the lone holdup man, petitioner's employer, John R. Coder, recognizing the description became suspicious and obtained a key to petitioner's apartment from his mother and searched the apartment.

3. On April 12, 1956, petitioner's employer conveyed his suspicions to the investigating authorities and pursuant thereto an officer accompanied Coder on a second search of petitioner's apartment wherein an empty holster was uncovered.

4. Following further descriptions broadcast over the local networks and in response thereto a disinterested party informed the State Police that an individual of this description was seen boarding a freight car, and in reliance upon this information the State Police radioed ahead to have the train halted at Lock Haven, Pennsylvania.

5. On April 12, 1956, the State Police at Lock Haven having halted the train saw the petitioner jump from the freight car and run toward a cluster of buildings a short distance away with a revolver in his hand.

6. At approximately 3:00 p.m. on April 12, 1956, Sergeant Fink of the Pennsylvania State Police found the petitioner lying on the front floorboards of a Buick situate in a garage among the aforesaid buildings.

7. Sergeant Fink, while pointing his revolver at the petitioner, ordered him to get out of the car and not to touch the revolver which was known to be on his person.

8. After recovery of the revolver and the money petitioner was conveyed to the Lock Haven State Police Barracks by Sergeant Fink and others. Sergeant Fink's revolver was in his holster at all times subsequent to the initial incident of the arrest.

9. No warning as to petitioner's respective constitutional rights had been given by the arresting officers; at the same time, on instructions from State Headquarters, no interrogation was conducted in an effort to obtain a confession.

10. At approximately 5:00 p.m. on April 12, 1956, the petitioner, subsequent to adequate constitutional warnings given by Special Agents of the Federal Bureau of Investigation, was interviewed and at approximately, 8:00 p.m. he signed a written, uncoerced in any way, confession.

11. Following the signing of the confession petitioner was taken before a United States Commissioner where a complaint was filed and he was held over for action of the grand jury. He was then placed in the Lycoming County Jail.

12. On April 13, 1956, petitioner was removed from the Lycoming County Jail by a United States Marshal and others and directed to recover the clothing described in his signed confession.

13. John R. Coder visited the petitioner in the Lycoming County Jail on April 14, 1956, at which time petitioner again admitted his complicity in the aforesaid holdup.

14. Coder contacted and retained Attorney William H. Askey as counsel for the petitioner and imposed no financial restrictions nor other limitations upon him.

15. Petitioner's retained counsel was apprised by him of the incidents surrounding the holdup, the arrest, and the confession.

16. Petitioner's retained counsel made arrangements for a psychiatric evaluation of petitioner; discussed the counts charged in the indictment and the possible penalties, and also the possible defenses with petitioner.

17. Upon receipt of the psychiatric report which revealed petitioner as mentally competent to stand trial, and upon a final analysis, petitioner's retained counsel recommended a plea of guilty.

18. At the arraignment proceeding the Honorable Frederick V. Follmer read portions of the indictment to the petitioner, and upon petitioner's plea and in consideration of the psychiatric report and the affirmations of counsel, a plea of guilty was accepted as having been knowingly and voluntarily made.

19. Upon entering the plea of guilty petitioner had actual knowledge of the contents of the information and indictment and was aware of the consequences of the plea.

20. Where petitioner was asked if he had anything to say and was given the opportunity to introduce character witnesses, and where petitioner's counsel presented facts in mitigation of punishment, the petitioner was not denied the opportunity to speak prior to sentencing.

21. Upon conviction, the imposed sentence of eighteen (18) years was within the jurisdiction of the court.

## DISCUSSION OF THE FACTS

At issue herein is the question whether or not the procedural requisites as set forth in Rule 11 of the Federal Rules of Criminal Procedure were complied with in a guilty plea which was entered June 4, 1956.

As set forth above, Rule 11 had been amended in 1966 and one of the purposes thereof, as noted in McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), was to expressly clarify the district judges' requirements in making a determination as to whether or not a guilty plea is truly voluntary and to provide an adequate record. However, the court declined to give retroactive application to the judicially mandated procedure embodied in the amended Rule 11. Halliday v. United States, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969).

The requirements of Rule 11 in 1956 did not impose upon the court any formal ritual in the fulfillment of its duty of ascertaining the voluntariness of a plea, nor did it require the court to instruct the defendant represented by counsel of the potential legal disadvantages and collateral consequences of his conviction on the charges contained in the indictment before accepting his plea. United States v. Washington, 341 F.2d 277 (3d Cir. 1965). And where a defendant at arraignment expressed his wishes to enter a plea of guilty the court could in part rely upon the representations of defendant's counsel that the plea is voluntary. United States v. Von Der Heide, 169 F.Supp. 560 (D.D.C. 1959). The totality of all of the circumstances must be considered in determining the issue of whether or not a guilty plea was en-

tered knowingly and voluntarily, United States v. Miller, 243 F.Supp. 61 (E.D.Pa. 1965), aff'd, 356 F.2d 515 (3rd Cir. 1966), cert. denied, 384 U.S. 981, 86 S.Ct. 1882, 16 L.Ed.2d 691 (1966), and the court concludes from the permissible inferences drawn from the record and the hearing on the motion herein that the defendant was prepared to enter a guilty plea prior to the time of arraignment; that upon arraignment portions of the indictment were read to the defendant who understood the nature of the charges and the consequences of the plea.

The court having determined the adequacy of the judicial findings of voluntariness in light of the procedural requirements in 1956, it is incumbent upon the court to then examine the question of the relationship between the alleged coerced confession and the guilty plea which is under collateral attack.

■ Petitioner claims in his motion that as a result of a coerced confession and arising from the lack of effective assistance of counsel his plea of guilty was coerced. The mere allegation of a coerced confession, or if in fact his confession was coerced and it motivated his plea, is not sufficient to justify relief on a motion to overturn a conviction. McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). Therefore the inquiry pursuant to the McMANN rationale should be directed to the question of whether or not the defendant was incompetently advised.

■ Petitioner's counsel was not subject to a limited fee, nor did he suffer a conflict of interest arising from an alleged retainer status with petitioner's former employer or arising from the alleged religious compulsion of said employer. Turner v. Maryland, 303 F.2d 507 (4th Cir. 1967). No proof or factual allegations have been offered that counsel's performance was so incompetent or negligent as to constitute a mockery of justice, and in fact, as introduced by the government, petitioner was believed to be fully satisfied with his retained counsel until the sentencing. No allega-

tion or testimony was introduced that an agreement existed between petitioner's counsel and the prosecuting United States Attorney or the court, and counsel's suggestion that the court might be more lenient upon a plea of guilty is not an adequate basis for collateral relief. United States v. Baysden, 326 F.2d 629 (4th Cir. 1964). Furthermore, it does not appear from the record that the sentence was based on substantially erroneous data, as vaguely suggested by petitioner, and since the imposition of the 18-year sentence was well within the warranted maximum petitioner was not deprived of any constitutional rights. United States v. Perchalla, 407 F.2d 821 (4th Cir. 1969); Wilkins v. United States, 181 F.2d 495 (4th Cir. 1950).

It is noteworthy that substantial differences exist between the allegations of fact in petitioner's 1967 motion for collateral relief, the petition now before the court, and petitioner's testimony. However, in light of the respective interests of the parties whose testimony appears on the record, petitioner's previous criminal record and his demeanor on the witness stand, the court finds that with respect to other allegations not herein referred to petitioner's testimony lacks credibility and the allegations merit no further discussion.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter of this proceeding pursuant to 28 U.S.C. § 2255.

2. The petitioner was not denied the competent and effective assistance of counsel.

3. A plea of guilty was properly accepted by this court on the 4th of June 1956, pursuant to Rule 11 of the Federal Rules of Criminal Procedure, subsequent to a determination that the plea was entered voluntarily with understanding of the nature of the charges and the consequences of the plea.

■ 4. The judgment and sentence imposed by the court after the plea and after affording the defendant an oppor-

tunity to make a statement on his own behalf and by others on his behalf in mitigation of punishment was within the jurisdiction of the court and authorized by law, and is not subject to collateral attack.

5. There has not been such a denial or infringement of the petitioner's constitutional rights as to render the judgment vulnerable to a collateral attack.

For the reasons given an order will be entered denying the petitioner's prayer for relief.