Edward Wendel WELBORN, Petitioner,

v.

J. D. COX, Superintendent, Virginia State
Penitentiary, Respondent.

Civ. A. No. 71–C–119–R.

United States District Court,
W. D. Virginia,
Roanoke Division.

Dec. 15, 1971.

James E. Kulp, Asst. Atty. Gen., Richmond, Va., for respondent.

---

OPINION and JUDGMENT

DALTON, District Judge.

█ Pursuant to 28 U.S.C. § 2241, Edward Wendell Welborn petitions this court for a writ of habeas corpus to terminate his confinement in the Virginia State Penitentiary. Leave to proceed *in forma pauperis* has been granted. Petitioner is detained pursuant to a judgment of the Circuit Court of Pulaski County imposed on October 3, 1968, in which petitioner was convicted of breaking and entering and the unauthorized use of a motor vehicle and sentenced to serve terms of five years and one year, respectively, the latter term to run concurrently. At his trial, Welborn, represented by court-appointed counsel, entered a plea of guilty and was tried by the court without a jury. The conviction and sentence were not appealed. However, petitioner later sought habeas corpus relief in the state courts. The Circuit Court of Pulaski County denied his petition by memorandum opinion dated April 15, 1971, and on appeal, the Virginia Supreme Court of Appeals affirmed the lower court's judgment. Having presented his claims to the state's highest court, petitioner has exhausted his available state remedies in compliance with the provisions of 28 U.S.C. § 2254. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Thomas v. Cunningham, 313 F.2d 934 (4th Cir. 1963).

█ In his present petition, Welborn alleges several constitutional errors: (1) ineffective assistance of counsel at trial; (2) involuntary plea of guilty because of a coerced confession; (3) interrogated without counsel after counsel

was requested; (4) held incommunicado for five days, during which he was illegally interrogated; (5) failure of the state court to hold a plenary hearing to determine the merits of his claims. Since the state court records now before the court provide an adequate basis for decision, it is unnecessary to conduct a plenary hearing to develop petitioner's claim. Grundler v. North Carolina, 283 F.2d 798 (4th Cir. 1960). The court further advises that petitioner's final claim, that the state court erred in failing to conduct a plenary hearing, fails to raise a federal question.

█ Petitioner's various allegations of illegal interrogation are not matters which may be challenged after a voluntary plea of guilty. McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); Vanater v. Boles, 377 F.2d 898 (4th Cir. 1967). The voluntary plea is an admission of guilt and constitutes a waiver of all non-jurisdictional defects, White v. Pepersack, 352 F.2d 470 (4th Cir. 1965), and a conviction obtained upon such a plea is based solely on the plea and not upon any evidence which may have been acquired by the prosecuting authorities. Hughes v. United States, 371 F.2d 694 (8th Cir. 1967); Camm v. Peyton, 299 F.Supp. 485 (W.D.Va.1969). Thus only in the posture that the product of the interrogation—a coerced confession—induced the plea of guilty, may the claim be properly considered.

Recently the Supreme Court has held that an otherwise valid guilty plea entered by an accused represented by counsel may not be collaterally attacked by habeas corpus on the sole basis that the plea was a product of a prior coerced confession, and that without more, a defendant is not entitled to a hearing on his petition for habeas corpus. McMann v. Richardson, supra. In *McMann* the court recognized the presumptive validity of a guilty plea entered by a counseled defendant, and imposed upon the defendant the burden of showing more than an alleged coerced confession in order to vacate an otherwise valid plea

through a habeas corpus proceeding. The court suggested that for a defendant who senses that his confession is involuntary and that the confession is crucial to the prosecution's case, a plea of guilty entered on that basis is an untenable alternative and a highly irrational act. Furthermore, merely upon a retrospective examination of the circumstances of the confession a finding that the confession is involuntary would not necessarily render an attorney's advice to enter a plea on the basis of the confession and other evidence so faulty as to conclude that counsel was incompetent or ineffective. See also Watts v. United States, 316 F.Supp. 1234, 1237 (M.D.Pa. 1970). In order to justify the grant of a writ of habeas corpus, the court ruled that petitioner must show in addition, that he was not competently advised as to the methods by which he might challenge his confession or the forum in which he should first present his federal claim as to the confession's validity. See also United States ex rel. Wakeley v. Russell, 315 F.Supp. 87, 88 (E.D.Pa.1970). Thus, assuming that defendant is aware of the procedures, a defendant should not be allowed to by-pass the opportunity to have the federal claim heard in a state court, take the benefits of a guilty plea, if any, and then pursue his claim that the confession was involuntary in collateral proceedings.

■ In the instant case, although the conviction preceded Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the trial court commendably proceeded with proper caution and deliberation in determining whether the guilty plea was freely entered. There is no allegation that petitioner did not understand the nature of the charges against him or what the effects of his guilty plea would be. Nor is there any allegation that the plea was induced by threats, promises, or misrepresentations. Upon entering the plea, petitioner informed the trial court that he had conferred with counsel, that he understood the charges against him, and that he entered the plea for no other reason than

that he committed the acts charged. Testifying at his own request later in the trial, petitioner reiterated his admission of guilt. Within the record therefore it is evident that the guilty plea was knowingly and voluntarily entered. The mere allegation of a coerced confession, if in fact a confession, was illegally obtained and if it motivated his plea, is insufficient to justify relief, particularly and decisively in view of the fact that no confession was introduced at trial and that there was ample evidence against petitioner independent of a supposed confession which would have formed the factual basis of the plea. McMann v. Richardson, supra.

■ The inquiry more properly should be whether or not petitioner was competently advised. However, petitioner's allegation of ineffective assistance of counsel is a mere conclusion, unsupported by any facts raised in the petition or independently discernible from the record. Petitioner does not allege that he informed counsel of any prior coerced confession. Even if counsel advised petitioner to plead guilty and based the advice upon his mistaken belief as to the admissibility of alleged illegally obtained evidence, assuming arguendo that counsel did have such a mistaken belief and that this belief prompted the advice, that fact alone would not invalidate the plea. Moreover Welborn fails to state in what other ways counsel may have been incompetent. At the preliminary hearing and at trial, petitioner informed the trial court that he was satisfied with counsel's representation. Finally, there is no suggestion or evidence that he had a defense or witnesses to present on his behalf. Thus, the claim, as no more than a vague conclusion, cannot support the issuance of the writ. Cf. Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962).

For the foregoing reasons, it is ordered that the petition for a writ of habeas corpus be dismissed and the relief denied.

If the petitioner wishes to appeal this judgment or any part thereof, he should file with the clerk of *this* court within 30 days a notice of appeal. Failure to file notice of appeal within 30 days may result in a denial of the right of appeal. The notice of appeal shall state the following:

1. the judgment, order or part thereof appealed from;

2. the party or parties taking the appeal; and

3. the court (United States Court of Appeals for the Fourth Circuit) to which the appeal is taken.